JOHN BAXTER, plaintiff in error, v. THE PEOPLE OF THE STATE OF ILLINOIS, defendant in error.

*Error to Rock Island.*

On an indictment for 'murder, the accused filed his affidavit and moved for a change of venue out of the county, for the reason that the minds of the people of the county were prejudiced against him. The Court ordered a change of venue to a county, not the next nearest to that where the indictment was found, to which the accused, at the time, objected. He then moved for a change out of the Circuit, alleging in his affidavit that the Judge was prejudiced against him, so that he could not have a fair and impartial trial before him, but the motion was overruled: *Held,* that the Court erred in ordering a change of venue to a county when there were nearer counties, and that all the subsequent proceedings in the cause, for that reason, were erroneous.

By the Common Law rule, it is competent for the prosecution to establish the fact of a conviction, *prima facie,* of other persons jointly indicted with the accused, by the production of the record of their conviction.

JOHN BAXTER, the plaintiff in error,—together with John Long, Aaron Long, Robert Birch, Grandville Young, and William Fox,—was indicted at the October term of the Rock Island Circuit Court, 1845, for the murder of George Davenport. On his arraignment he pleaded "not guilty," and on filing the proper affidavit required by statute, moved for a change of venue out of the county. The Court ordered a change of venue to the county of Carroll, a county not the next nearest to Rock Island, to which the accused at the time objected. The Court overruled the objection. He then filed his affidavit in due form, and moved for a change of venue out of the Circuit, which motion was refused. At the Carroll Circuit Court, the cause was remanded to, and tried in Rock Island county, on motion of the accused.

John Long, Aaron Long and Grandville Young were tried, convicted and executed. Birch and Fox were not then tried.

At the trial the record of such conviction was introduced by the prosecution, to which the accused, at the time, objected, but his objection was overruled, and the record permitted to be read to the jury. The jury returned a verdict of "guilty;" whereupon the accused entered a motion for a new trial, and stated several causes why the application should

be granted. The motion was overruled, and the Court rendered judgment upon the verdict, and passed sentence of death upon the accused.

The cause was taken to this Court by writ of error, when the plaintiff in error assigned ten causes of error, which were substantially the same as those assigned in the case of *McKinney* v. *The People*, *ante* 540. As the Court in their Opinion passed upon two of those causes only, the remainder will not be recited here.

*J. B. Wells*, *J. H. Ralston*, and *C. Gilman*, for the plaintiff in error, in support of the objection to the change of venue, cited Rev. Stat. 528, § 5, which requires the change to be made to the *next nearest county* to that where the cause is pending. Also, *Clark* v. *The People*, 1 Scam. 120.

In support of the assignment of error in relation to the introduction in evidence of the conviction of the Longs and Young, they cited *Kazer* v. *The State*, 5 Ohio, 172; *The People* v. *Buckland*, 13 Wend. 594; *Case* v. *Reeve*, 14 Johns. 81; *Commonwealth* v. *Briggs*, 7 Pick. 177; Phillips' Ev. 226, 331.

*J. A. McDougall*, Attorney General, and *O. Peters*, for the defendant in error, to remove the first objection of the plaintiff in error, contended that it was waived by his motion in the Carroll Circuit Court to remand the cause to the Rock Island Circuit Court.

As to the second objection, the record of the proceedings in the Court below does not exhibit the entire testimony, nor does it state the object for which the record was introduced. It was competent for either party to introduce the record for some purposes, and, as the Court is not advised of the purpose in this case, they cannot suppose it to have been introduced improperly.

The Opinion of the Court was delivered by

CATON, J.* The plaintiff in error with three others was

---

*WILSON, C. J. did not sit in this case.

indicted for murder at the last October term of the Rock Island Circuit Court. Baxter filed his affidavit in the usual form, and prayed a change of venue out of the county. The Court ordered the venue to be changed to the county of Carroll, which does not join Rock Island, no objection appearing to have existed to any of the adjoining counties. To this order the defendant objected, and took an exception. The defendant having objected at the time to the venue being changed to Carroll, when there were nearer counties to which no objection appears to have existed, the Court erred in making that order. Consequently, all the subsequent proceedings in the cause were erroneous. It is, therefore, unnecessary to review them at length. The judgment of the Circuit Court must be reversed, and the cause remanded to the county of Rock Island, where it properly belongs, after the reversal of the order changing the venue to Carroll county. That order being reversed, the cause will stand in that Court precisely as if no order had ever been made on that motion, and the defendant may press that motion to another decision, or withdraw it and interpose another, as he may be advised.

As the question may arise on a subsequent trial, it may not be improper for us to express an opinion upon the admissibility of the record of the conviction of the others with whom the defendant was indicted for the murder. We think that record might have been proper. Under our statute, an accessory may be indicted and punished as principal, and in such a case it would be necessary for the prosecution to make out the guilt of the principal, before the jury could find the defendant guilty of the murder by being accessory to it. In such a case, according to the common law rule, it would be competent for the prosecution to establish that fact *prima facie* by the production of the record of their conviction.

                                        *Judgment reversed.*