## W. J. Dent v. The State.

No. 2101.  Decided June 5, 1901.
Motion for Rehearing Decided June 26, 1901.

1.—Accessory to Murder—Indictment.

An indictment for accessory to murder need not set out any act that was done by defendant, or any means used by defendant where defendant is charged with aiding his principal to evade the execution of his sentence by an escape from the penitentiary where he was serving out his sentence. Following Gann v. State, 42 Texas Criminal Reports, 133.

2.—Same—General Verdict.

Where an indictment for accessory to murder in aiding the principal to escape from the penitentiary, where he was undergoing his sentence, contained several counts, the first of which failed to state the means used and employed by defendant in aiding such escape, and the second count specifically alleges the means, a general verdict against defendant may be applied to such second count, and thus may avoid and render harmless any supposed defect in the first count.

3.—Same—Judgment Against Principal as Evidence—Confrontation by Witnesses.

On a trial of accessory to murder, the judgment of conviction returned against the principal in the murder is admissible in evidence on the trial of the accessory in order to show, as is authorized by article 90, Penal Code, that said principal has been tried and convicted; and also to enable the court to properly predicate its charge as to the punishment to be inflicted upon the accessory as is provided in Penal Code, article 88. And such evidence is not inadmissible upon the ground that defendant is entitled, under the Constitution, to be confronted with the witnesses against his principal. Distinguishing Cline v. State, 36 Texas Criminal Reports, 320, and Kirby v. State, 174 United States, 47.

4.—Same—Evidence—Extent of Guilty Knowledge of Accessory.

It is not essential to a conviction of an accessory to murder to show that he had actual knowledge of all the facts going to establish the criminality of his principal; and where the principal was tried, convicted, and sentenced to the penitentiary long before the accessory had any knowledge of the facts, the judgment of conviction against the principal is, as to the accessory, sufficient evidence of the conviction of the principal and of its legality.

5.—Same—Prima Facie Evidence.

Judgment against the principal, when adduced in evidence on the trial of an accessory, is merely prima facie evidence of the guilt of the principal, and may be combated on the part of the accessory so as to entitle him to an acquittal if he can prove the innocence of the said principal. Davidson, P. J., holds such evidence conclusive and that the accessory can not go behind it.

6.—Same—Charge of Court—Harmless Error.

On a trial for accessory to murder, where the judgment of conviction of the principal had been introduced in evidence, and the court erroneously charged the

jury that said evidence was conclusive and not prima facie evidence only of the guilt of the principal, such charge was harmless error and not calculated to injure defendant's rights. Davidson, P. J., holds that the charge of the court was correct.

**7.—Continuance—Testimony Immaterial.**

On a trial of accessory to murder, where the record of conviction of the principal shows that the verdict, which was general, may have legitimately, under the indictment, found him guilty either as a principal or accomplice to the murder, the proposed testimony of absent witnesses, in an application for continuance, to prove that said principal was not present at the time and place of said murder, but was in fact some half a mile away, was immaterial, and it was not error to refuse the continuance; for if one is an accomplice he may have been guilty although half a mile away from the scene of the killing.

**8.—Same—Charge of Court.**

On a trial of an accessory to murder, where the charge of the court has applied the law directly to the facts, it is not essential that said charge should further define what constitutes an accessory, and what constitutes murder in the first degree.

**9.—Same—Venue of Prosecution.**

On a trial of an accessory to murder, where it appeared that defendant acted through an innocent agent in having the principal released from the penitentiary upon a forged pardon, which pardon was used for that purpose in C. County where the principal was imprisoned in the penitentiary, the venue of the prosecution of the accessory was properly laid ,and the trial prosecuted in said C. County.

**10.—Same—Extent of Aid Rendered by Accessory.**

On the trial of an accessory to murder for aiding the escape of his principal from the penitentiary where he was serving a life term as punishment for murder, it is not necessary to show that he enabled his principal to escape permanently part or all of his punishment; any assistance given to one known to be a felon in order to hinder his punishment is sufficient. Henderson, J., dissents.

### ON MOTION FOR REHEARING.

**11.—Accessory to Murder—Indictment.**

In an indictment against an accessory to murder after conviction of the principal, it is not necessary to aver that the latter committed the murder, or on the trial to enter into a detail of the evidence adduced against him; it is sufficient to recite, with certainty, the record of conviction.

**12.—Same—Continuance to Prove Alibi of Principal.**

On a trial of an accomplice to murder, an application for continuance to prove an alibi of the principal was properly overruled, in the light of the record, where the indictment charged him in three counts, one of which was as an accomplice to the murder, and the verdict was a general one. Such testimony was not material in view of the fact that an accomplice to the crime need not be personally present at its commission. Davidson, P. J., holds that defendant could not go behind the judgment of conviction of the principal and inquire into the details of the killing, and hence the testimony sought in the application was inadmissible. Henderson, J., dissents.

Appeal from the District Court of Cherokee. Tried below before Hon. Tom C. Davis.

Appeal from a conviction of accessory to murder; penalty, imprisonment for life in the penitentiary.

The following statement of the case is taken from appellant's brief:

The appellant, W. J. Dent, was indicted at the May term, 1900, of the District Court of Cherokee County, as accessory to murder. In

order that the court may correctly understand the points made in the brief, we desire to make a statement a little more complete than the record of this case presents.

In November, 1894, in Hemphill County, Texas, one Tom T. McGee was killed. A short time after the killing one George Isaacs was arrested and incarcerated in jail, charged with being an accomplice to the killing of said McGee. He was afterwards indicted by the grand jury of Hemphill County, the indictment charging him as a principal and as an accomplice with one Jim Harbolt and Joe Blake in the killing of McGee, and as being an accomplice with persons, to the grand jury unknown, in the killing of McGee. Isaacs was afterwards, in October, 1895, on a change of venue to Hardeman County, tried and convicted, the jury returning a general verdict finding him guilty of murder as charged in the indictment, without determining whether as principal or as an accomplice. The evidence in that case showed that at the time of the homicide Isaacs was not present and participating in the same, and the only connection that he could have had with said murder grew out of a supposed conspiracy between Isaacs, Jim Harbolt, Joe Blake, and probably others, to hold up and rob a train at Canadian, the scene of the homicide, and that on the attempted perpetration of said robbery, the said McGee was killed. For a complete statement of the evidence proved on the trial of Isaacs, see the case of Isaacs v. State, in 36 Texas Criminal Reports, 505.

Isaacs was afterwards confined in the penitentiary at Rusk undergoing his sentence and conviction. About the 27th day of September, 1899, a pardon was received at the Rusk penitentiary, by the authority of which George Isaacs was released from the penitentiary. A short while after the release of Isaacs said pardon was called to the attention of the Governor, who at once denounced the same as a forgery, and the appellant was arrested, charged with the crime, and on a trial was convicted of being an accessory to the murder of said Tom McGee, in Hemphill County, Texas, by reason of the fact that by the means of said pardon he had aided George Isaacs to evade the execution of his sentence.

*Weeks & Fleager,* for appellant.—The indictment on which the defendant was tried was fatally defective and the court erred in overruling the motion to quash the indictment and motion in arrest of judgment.

As I understand the law, it was necessary for the State to prove: (1) That Tom T. McGee was dead; (2) that George Isaacs killed him; (3) that knowing this fact, viz., the murder of McGee by Isaacs, the appellant, W. J. Dent, gave aid to the said George Isaacs to assist him to evade the execution of his sentence. This being true, the State was necessarily compelled to plead these facts in the indictment. We concede the first count in the indictment to be good until it reaches the concluding paragraph, charging the defendant with having aided the said Isaacs. There the pleader uses the statutory language of the offense only, and does not set out the means used by which such aid was given.

This is a fatal error, in my judgment, and measured by the former decisions of this court, this indictment can not stand. In Huntsman v. State, 12 Texas Criminal Appeals, 619, the court says:

"The constitutional right to demand the nature and cause of the accusation guarantees to the accused that the indictment shall state every fact and circumstance necessary to a certain, specific, and complete description of the particular offense imputed to him. A person tried for a crime not so set forth and described in the indictment is not held to answer for the crime on 'indictment of a grand jury' as contemplated by the Constitution."

"Facts constituting an offense must be distinctly stated in an indictment by positive averment, and must not be left to be deduced by argument or inference." Bush v. Republic, 1 Texas, 45; State v. Powell, 28 Texas, 626; White v. State, 3 Texas Crim. App., 609; Parker v. State, 9 Texas Crim. App., 351.

"To be valid an indictment must charge all the acts or omissions essential to constitute the offense of which the defendant is accused. An indictment which charges the conclusions of law deducible from certain facts is insufficient." Williams v. State, 12 Texas Crim. App., 395; Brewster v. State, 12 Texas Crim. App., 612; Young v. State, 12 Texas Crim. App., 614; Reed v. State, 14 Texas Crim. App., 662; Pierce v. State, 17 Texas Crim. App., 222; Jones v. State, 25 Texas Crim. App., 621; Neely v. State, 32 Texas Crim. Rep., 370; Martin v. State, 36 Texas Crim. Rep., 125.

Unless the statute in its phraseology contains all the essential elements necessary to a complete description of the offense, the indictment is not sufficient if it only follows the statutory language. McAfee v. State, 38 Texas Crim. Rep., 124; Williams v. State, 38 Texas Crim. Rep., 377; Payne v. State, 38 Texas Crim. Rep., 494; Pierce v. State, 28 Texas Crim. App., 604.

The second count of the indictment is defective in that it discloses the existence of a written instrument, viz., the alleged forged pardon, and does not set the same up in haec verba, or failing so to do, give the reasons for such failure and set the same up in substance. White C. C. P., par. 378, and authorities there cited.

We will discuss the motion for continuance in connection with the charge of the court, for if the court be correct in his view of the law he very properly overruled the motion for continuance.

We next desire to discuss the question raised in our bill of exceptions number 7.

The court, over the objection of the defendant, admitted in evidence the certified copy of a judgment of conviction of murder in the first degree in cause No. 334, State v. George Isaacs, from the District Court of Hardeman County. The district attorney announced that this copy of judgment was introduced for the purpose of proving the guilt of George Isaacs of the murder of Tom T. McGee as charged in the indict-

ment against W. J. Dent. We submit the admission of this record verdict was an error.

If admissible at all, it could only be for the purpose of proving that George Isaacs, the principal, had been tried and convicted in order to comply with article 90 of the Penal Code. For the purpose for which it was introduced it was clearly inadmissible and in violation of the tenth section of the Bill of Rights and the sixth amendment to the Constitution of the United States.

On this proposition we content ourselves with a citation of the authorities, as the same question is involved and will be discussed in connection with the charge of the court. Cline v. State, 36 Texas Crim. Rep., 320, and cases cited; Kirby v. United States, 174 U. S., 890.

The court erred in his charge to the jury in charging them that the certified copies of the indictment of George Isaacs, the verdict of the jury, and the judgment of the Hardeman County District Court were conclusive proof on the trial of W. J. Dent as to the guilt of George Isaacs of the murder of Tom T. McGee in Hemphill County, Texas.

In the Poston case the court, speaking through Judge Hurt, said: "The first proposition was the guilt of Lewis. The second was that the defendant, having knowledge of Lewis' guilt, concealed and aided him in preventing or evading arrest. That Lewis was guilty of an assault to murder was a fact to be proved by the State. The guilt of Lewis therefore must be established to the same degree of certainty as if he were on trial. The guilt of the accessory depended upon that of the principal, hence the court must charge the law as fully in regard to the offense charged against Lewis, the principal, as if he had been on trial." This is the law, and has been followed by the court since that opinion, and I have been unable to find any case in any of the other States that announces a contrary doctrine. Now, the guilt of Isaacs is the first proposition that confronts the State in the trial of appellant, and if, as the Poston case says, the guilt of Isaacs must be proved to the same degree of certainty as if he, Isaacs, were on trial, then we submit that it necessarily follows that only such evidence as would be admissible and competent on the trial of Isaacs can now be used to prove the guilt of Isaacs on trial of appellant, and yet we find his honor instructing the jury that the record of the conviction of George Isaacs is conclusive proof of the guilt of Isaacs on the trial of appellant. One of the fundamental guarantees of life and liberty is found in the sixth amendment of the Constitution of the United States and the tenth section of the Bill of Rights of Texas, which provides, "in all criminal prosecutions the accused shall be confronted with the witnesses against him." Instead of confronting the appellant, Dent, with witnesses to establish the vital fact, the guilt of George Isaacs of the murder of Tom T. McGee, he was confronted only with the record of another criminal prosecution with which he, Dent, had no connection and the evidence in which was not given in his presence. A fact which can be primarily established only by witnesses can not be proved against the accused except by

witnesses who confront him at the trial, upon whom he can. look while being tried, whom he is entitled to cross-examine, and whose testimony he may impeach in any mode authorized by established rules governing the trial of criminal cases. The presumption of innocence attends him throughout the trial and has relation to every fact that must be established in order to prove his guilt beyond a reasonable doubt. But this presumption has been held for naught by the court below, for as to a vital fact which the State was bound to establish affirmatively by competent evidence, and, by authority of the Poston case, beyond a reasonable doubt, he was put upon the defensive by reason of what appears to have been said in another criminal prosecution with which he, the defendant, had no connection. In other words, the State of Texas, having secured the conviction of the principal, George Isaacs, the appellant charged by a. separate indictment with a different offense was held to be guilty, so far as the vital fact of the guilt of Isaacs was concerned, so soon as the State introduced the record of the conviction of Isaacs, and without any proof on the part of the State as to the vital fact by witnesses confronting the accused. This is clearly in violation of and impairs the very substance of a right long deemed essential for the due protection of life and liberty, and embodied in the Bill of Rights of this State and the Constitution of the United States.

Under authority of the Cline case, in my judgment, there can be no doubt not only of the inadmissibility of the record testimony above referred to, but of the error committed by his honor charging this record testimony to be conclusive proof of the guilt of Isaacs. This judgment was admissible only for the purpose of proving that Isaacs had been convicted, and to admit it for any other purpose would be in violation of the Bill of Rights.

A note in Starkie on Evidence, page 367, is to this effect: "In Rex v. Turner, 1 Moody C. C., 347, Rex v. Ratcliffe, 1 Lewin C. C., 121, it is stated that many of the judges (all the judges except two being assembled) were of opinion that record of the conviction of the principal would not be evidence of the fact, where the indictment against the accessory alleged, not the conviction, but the guilt of the principal. And on principle it would seem to be evidence only when the indictment alleges the conviction of the principal and simply to support that conviction."

Phillips in his treatise on Law of Evidence, referring to the rule as to the inadmissibility and effect of verdicts or judgments in prosecution, says: "A record of conviction of a principal felony has been admitted in some cases not of modern date as evidence against the accessory. This has been supported on the ground of convenience, because the witnesses against the principal might be· dead or not to be found, and on the presumption that the proceedings must be taken to be regular and the guilt of the convicted party to be established. From the report of the recent case of Rex v. Turner it seems that a record of conviction of a principal in the crime of stealing who pleads guilty would not now be

viewed as evidence of the guilt of the principal against the accessory after the fact, and it is said to be doubtful whether a record of the conviction of the principal on his plea of not guilty would be admissible against the accessory. As proof of the fact of conviction the record would be admissible and conclusive, but it seems not to be admissible evidence of the guilt of the convict as against another person charged with being connected with him in the crime. The record being in this respect res inter alios acta, it is evidence that a certain person named in the record was convicted by the jury but not evidence as against a third person, as to the ground on which the conviction proceeded, viz., that the convict committed the criminal act described in the record." 2 Phil. on Ev., 3 ed., 22, 23.

We could go on almost without end citing authorities that bear out our contention, but do not deem it necessary. We will say this, that we have been unable to find any authority holding that the record of conviction of the principal is other than prima facie evidence of his guilt on trial of the accessory, and accepting that view of it as being correct, the court still erred in charging the jury that such record was conclusive proof. And in this connection we desire to discuss briefly the defendant's motion for a continuance which was overruled by the court. Those authorities which hold the record of the conviction of the principal to be prima facie proof of his guilt on trial of accessory, all hold that the accessory may impeach the record and show his principal to be not guilty. See 1 Am. and Eng. Enc. of Law, 209, and authorities cited in note at foot of the page. For this purpose the defendant had process issued for J. J. Sutherland and Fred Hasbrugh, by which said witnesses he proposed to prove that at the time of the killing of McGee, George Isaacs was not present at the scene of the homicide, but was at least half a mile away. On the trial these witnesses were not present, and the appellant asked for a continuance to obtain their testimony.

The court below overruled the motion on the ground that the record of the conviction of Isaacs was conclusive proof of his guilt on trial of appellant; that appellant could not impeach the record or controvert the guilt of his principal. The appellant having shown due diligence in his motion and the testimony being material, the court should have granted the motion for continuance, and failure so to do of itself will necessitate a reversal of this case.

The court erred in failing to define murder in the first degree. The indictment against the appellant charged Isaacs killed Tom T. McGee with express malice, and it was necessary for the jury to find this fact first, and in order to so do the court should have not only submitted this issue to the jury, but should have defined malice aforethought.

His honor in his charge to the jury tells them that the records admitted in evidence are conclusive proof of the guilt of George Isaacs, but in applying the law to the facts, his honor authorizes the jury to convict the defendant without submitting to them that they must first find that Isaacs was guilty. In other words, he assumes that because the

evidence submitted is conclusive proof of the fact, the guilt of Isaacs, it is not necessary for the jury to find that fact from the evidence. To cure this error in the charge the appellant asked a special charge, submitting this issue to the jury, this charge being as follows:

"In this case the guilt of the defendant must depend on the guilt of his principal, George Isaacs. The guilt of George Isaacs must therefore be established by competent evidence to the same degree of certainty as if he (George Isaacs) was on trial, and before you can convict the defendant you must find from the evidence beyond a reasonable doubt that George Isaacs, in Hemphill County, Texas, on the 23d day of November, 1894, killed Tom McGee, and that such killing was murder in the first degree, as murder in the first degree has been defined in the charge of the court, and if you have a reasonable doubt of that fact, you will acquit the defendant. In this connection you are further charged, that if you should find from the evidence beyond a reasonable doubt that George Isaacs was guilty of the murder of Tom McGee, and that the defendant, as charged in the indictment, by means of a forged pardon, aided the said George Isaacs to evade the execution of his sentence, then before you can convict the defendant, you must further find from the evidence that at the very time he so aided the said Isaacs, he the defendant, knew that Tom McGee had been killed, and that George Isaacs was guilty of his murder, and if you have a reasonable doubt as to defendant having such knowledge when he so aided the said Isaacs (if he so aided him), then you will acquit the defendant."

We have no hesitancy in saying that said special charge embodied the law of this case, and his honor's refusal to give the same or to substantially give it in his main charge was a fatal error, such failure being excepted to.

*Robert B. Seay,* also for appellant.—Appellant was convicted for releasing George Isaacs from the penitentiary at Rusk by means of a forged pardon. We first call the attention of the court to the defects in the indictment. Errors are raised in the motion to quash and in motion to arrest the judgment.

The first proposition is in the first count. No facts are alleged which constitute the crime. This has been discussed by cocounsel.

The second proposition is, that a forged instrument being the basis of this prosecution, it must be set out in tenor. The fact is, the alleged forged instrument mentioned in the second count is not set out either in tenor or by its purport. In summing up the cases Judge Willson, in section 1995 of his notes on the Code of Criminal Procedure, uses the following language at the bottom of his note: "As a general rule, whenever an instrument in writing enters into an offense as a part or a basis thereof, or when its proper construction is material, the instrument should be set out in haec verba in the indictment." Quoting White's case, 3 Texas Crim. App., 605; Baker, 14 Texas Crim.

App., 332; Colson, 16 Texas Crim. App., 189; Thomas, 18 Texas Crim. App., 213; Dwyer, 24 Texas Crim. App., 132.

The same principle is laid down in State v. Baggerly, 21 Texas, 757, and Ferguson v. State, 25 Texas Criminal Appeals, 451. This law is also laid down in Wharton's Pleading and Practice, 167, et seq., and Wharton's Precedent Forms, 264, and notes. It will be found that in cases of libel, swindling, forgery, uttering forged instruments, disposing of mortgaged property, and in fact all cases where a written instrument is a part of the basis of the charge, the instrument must be set out. The only exception we now remember is in perjury, and in this instance the pleader was relieved of setting it out by the statute (2 George, 2). The same rule has been followed by the United States courts in reference to mail matters, and for this reason we believe the indictment should be held void.

In the use of any forged instrument in perpetrating a crime it is absolutely necessary the scienter should be alleged. It must be alleged that the defendant either forged the instrument himself before he used it, or that he knew the same to be a forgery at the time he used it. To illustrate this proposition in this very case: If it is not necessary to allege and prove the knowledge that the instrument was forged, then the superintendents and the officers of the penitentiary who released George Isaacs would be guilty of the crime. A large portion of the proof on the part of the State was for the purpose of showing that the defendant either forged the instrument or knew that it was a forgery, yet there is no basis in the indictment for such proof. If authorities are needed on so simple a proposition we cite the following: White's Ann. Penal Code, sec. 902; Peterson v. State, 25 Texas Crim. App.

We insist that if a convict has been confined in a penitentiary, and if the defendant is guilty of any wrong, then it is for the release of a prisoner. It was conceded by counsel on the trial of this case that at common law a person could not be prosecuted as an accessory who released a prisoner undergoing a sentence. But it is claimed that it can be done in this State because of the language of our statutes. We insist that the statute is no broader that the definition of an accessory after the fact at common law. The whole idea of an accessory is making him aid in the original crime of the principal, and he becomes participant of the original crime. It is held in our State by the courts, based on the common law, that the death of the principal stops the prosecution against the accessory. See State v. McDaniel, 41 Texas, 229. How can it be said on principle that a man aids in the execution of a crime years afterwards, when the sentence has been consummated and the prisoner is in the penitentiary? We quote the following authorities to the effect that a party releasing the prisoner in confinement on sentence is not an accessory, and shows that the definition of accessory at common law covers the same idea as our accessory statutes, article 86 of the Penal Code.

Every one is an accessory after the fact to a crime who, knowing a crime has been committed by another, receives, comforts, or assists him in order to enable him to escape from punishment. 1 Whart. Crim. Law, 241; Russell on Crimes, 9 Am. ed., 63-66.

The overruling of an application for continuance; the admission of the judgment; the language of the court in his charge, "You are instructed that such records are conclusive proof of the conviction and the guilt of George Isaacs of murder in the first degree, of the murder of Tom T. McGee;" the refusal of the court to submit to the jury, upon special instruction requested, the main fact in this case, the guilt of George Isaacs, can all be presented together, because each of them in different ways raises the same question. This question is the pivotal one of this case. It raises the questions:

1. That the judgment and the conviction of the principal is not evidence against the defendant, and can not be used at all for the purpose of showing the guilt of the principal which is to be imputed to this defendant. Cline v. State, 36 Texas Crim. Rep., 320; Kirby v. United States, 174 U. S., 890; sec. 10, Bill of Rights, Texas Constitution; amendment 6, Const. of U. S.

2. It is held that the State need not prove by witnesses, but could presume against the defendant because of the verdict in the case to which he was not a party, (a) that Tom McGee is dead; (b) that he was killed in Hemphill County; (c) that he was killed by George Isaacs; (d) that George Isaacs killed McGee with express malice.

3. It is held, even if the judgment against Isaacs is legitimate proof, that the defendant can not rebut evidence on the main point by showing that Isaacs did not kill McGee, and that he was not guilty of the murder of McGee.

4. It is held that the court upon the above point can find the main fact for the jury and tell them what their verdict shall be. We insist that this position deprives a man of the right of jury trial and allows the judge to find a verdict against him. It deprives him of the right to face the witnesses to his guilt. It takes away from him his presumption of innocence, because of the judgment against another man of which he knew nothing. In fact it destroys nearly every principle of law and provisions of the Constitution which are thrown as safeguards around the rights of the defendant.

The gravamen of this offense is the guilt of George Isaacs. This has been shown heretofore, because in this State it has been held that the crime dies with George Isaacs. Under the law of accessory, the defendant becomes a partner in that crime by aiding the principal, knowing that his principal is charged with the crime or has been convicted of it. He must know his guilt, and this is the charge in the indictment in this case, but the court would admit no evidence on this point, nor would he charge it, though requested to do so. Why is it that kin people and servants are by statutes not accessories, except that they believe in the innocence of those nearest them? Why is it that if a friend aids

a man charged with crime, you must first convict the principal, then try the man who aided him, and again prove that the principal is guilty, and prove that the friend aided him when he knew he was guilty? It is because if he thought his friend innocent he is not criminal when he aids him. This is the reason why it is made a penal offense with small punishment for relatives or anyone else to commit a prison breach knowing that the person was legally confined in jail or penitentiary.

The strongest decisions at common law, as stated by Wharton and Bishop, are that the conviction of the principal is prima facie against the accessory. But even under these decisions the accessory can rebut the presumption and introduce different proof from that used against the principal on his trial. 1 Whart. Crim. Law, 237-244; 1 Bish. Crim. Law, 669.

Note, however, in section 237, Wharton, that also even at common law, after the dissolution of the conspiracy, the confession of the principal (much less his conviction where there was never a conspiracy) can not be used against the alleged accessory.

It will be noticed that even this principle stated by Wharton and Bishop, which is contrary to the doctrine stated by Starkey and Phillips, as cited by cocounsel, was before the American idea was ever adopted that a man must be confronted before the jury by the witnesses against him. See Kirby case and Cline case, already cited.

We call the attention of the court especially to the special requested charge number 1. The court below absolutely refused to submit to the jury the only two issues involved in this case. If we have any comprehension of the case, there were but two points involved: 1. Did George Isaacs, with malice aforethought, kill and murder Tom McGee in Hemphill County? 2. Did the defendant, W. J. Dent, knowing that Isaacs did so murder McGee, give him aid to escape? Not only did the court refuse in his general charge to submit these issues to the jury, but also refused to do so when specially requested. We therefore have the strange and peculiar state of affairs, that the court does not submit to the jury either of the vital questions in this case. The court itself finds on the first proposition that Isaacs was guilty of murder in the first degree, and then refuses to submit the second proposition to the jury as to whether or not the defendant knowingly aided him if he did commit the offense. If this case is upheld it will be indeed a strange case in the history of Texas jurisprudence.

We cite Armstrong v. State, 13 Southwestern Reporter, 864. That case was reversed because the guilt of the principal was not proven. In this case no witness as to the guilt of the principal was introduced, and defendant was not allowed to prove that he was innocent.

*Rob't A. John,* Assistant Attorney-General, for the State.—The State submits that the first count in the indictment is good as has been specifically decided by this court. Gann v. State, 57 S. W. Rep., 837.

Concede, however, that the first count is not good; then upon motion

for new trial or in arrest of judgment the second count is unquestionably good, in that the means or methods are alleged specifically that were used by appellant in aiding his principal, George Isaacs, in evading the execution of his punishment is therein alleged. And tested in the light of the sufficiency of either count, the verdict being general, the same is not ground for reversal. Pitner v. State, 37 Texas Crim. Rep., 272; Henderson v. State, 2 Texas Crim. App., 88; Southern v. State, 34 Texas, Crim. Rep., 144.

The State insists that the motion to continue was properly overruled, because the guilt of Isaacs did not depend upon his physical presence at the time of the killing of Tom T. McGee, and the two witnesses for whom the continuance was sought would have testified only that he was not present. It was a conceded fact in the trial of Isaacs that his guilt did not rest upon his actual presence, but his connection with the crime other than by presence. It was therefore not a material issue whether Isaacs was present or not when Tom T. McGee was killed. Therefore it could not under appellant's contention—that the guilt of Isaacs was a triable issue—have been material as to whether or not the principal, Isaacs, was present when he was killed. Isaacs v. State, 36 Texas Crim. Rep., 505.

The gist of the case turns upon this proposition: What was the effect of the introduction of the indictment, judgment, sentence, etc., in the Isaacs case? (1) Was the same admissible at all? (2) If admissible was it conclusive in its effect; that is, did it conclusively show that George Isaacs was guilty of the murder of Tom McGee, it being the crime for which he was incarcerated, and the manner that appellant aided him to escape from its punishment?

The State submits the crime is in the nature of an accessory after the fact. 1 Russ. on Crimes, sec. 907; Rex v. Burrage, 3 P. Wms., 439. It is nevertheless to be grouped under and in the nature of an accessory after the fact, made so by our statute. The elements of the crimes are the same as the crime which is known under the common law as a rescue. A rescue is defined to be a deliverance of a prisoner from lawful custody by any third person. 21 Am. and Eng. Enc. of Law, 97; 2 Bish. Crim. Law, sec. 1065.

The distinction between a rescue and a breach of prison or jail breaking is, that jail breaking is a crime committed by a prisoner himself, while rescue is a crime committed by a third person, the gist of the offense being the aiding of a prisoner to escape from lawful custody, or to escape from the execution of his punishment. 2 Bish. Crim. Law, 1085; 2 Hawkins, Pleas of the Crown, 185; 2 Inst., 590.

The gravamen of the offense of prison breaking, which is the same as rescue in principle, is not the innocence of the prisoner, but the legality of his incarceration. 1 Russ. on Crimes, p. 597; 2 Hawkins, Pleas of the Crown, chap 18, sec. 6.

It being admitted by appellant that the effect of the judgment, sentence, etc., is to show the conviction of George Isaacs, that is, that he

was legally confined in the penitentiary as a convict, if this offense is to be considered as analogous to and akin to a rescue, then the judgment, sentence, etc., become absolutely conclusive in their nature, and their introduction is conclusive evidence of the fact that George Isaacs (appellant's principal) was legally incarcerated as a convict in the State penitentiary. This the judge charged and made the guilt of Dent depend on a knowledge of that fact, for which there is ample proof, and the further fact that he willfully and unlawfully aided by a forged pardon the said Isaacs to escape the execution of the sentence.

But concede that this evidence, that is to say, the introduction of the judgment, sentence, etc., was not conclusive in its nature, then the effect is unquestionably to make a prima facie case of the guilt of the principal as against the accessory, Dent. The introduction of the judgment convicting George Isaacs, the principal, has been universally held to make a prima facie case as to his guilt in the trial of his accessory, the appellant in this case. Whart. Crim. Law, sec. 602; 2 Bish. Crim. Proc., sec. 12.

The State then submits, conceding it is not conclusive but that it is only prima facie, that evidence of judgments and decrees of the court introduced make a prima facie case when not controverted, and that evidence prima facie becomes conclusive for the reason that it is undisputed. Schilling v. State, 51 S. W. Rep., 240.

The evidence is not against the constitutional rule that defendant must be confronted by his witnesses. This has been specifically decided in this State. Patterson v. State, 17 Texas Crim. App., 114; People v. Jones, 24 Mich., 214; 1 Whart. on Ev., sec. 614; 1 Bish. Crim. Proc., sec. 1134.

In order to show that George Isaacs was a convict the record is the best evidence, because, when the fact depends for its existence upon the record, other evidence than the record is parol in its nature. Stewart v. State, 35 Texas Crim. Rep., 174; Elsner v. State, 22 Texas Crim. App., 687.

The State further submits that the following two cases decided by our courts, whilst the expression used in them might be deemed obiter, still clearly indicate that the guilt of the principal must be shown as if the principal were on trial in the trial of an accessory, does not apply after the conviction of a principal. Arnold v. State, 9 Texas Crim. App., 434; Armstrong v. State, 33 Texas Crim. Rep., 421.

The court did not err, therefore, in admitting the judgment, decree, etc. Nor did it err in charging that the same was conclusive; being unquestionably prima facie, it became conclusive by reason of it not being controverted. And the further fact that it was not controverted, and the fact that it becomes then overwhelming in its nature, would make the charge, even conceding that the court erred in saying that the evidence was conclusive, not calculated under these circumstances to injure the rights of the defendant. Code Crim. Proc., art. 723; Barnett v. State, Dallas term, 1901.

The court did not err in its charge in failing to define what constitutes an accessory or what constituted murder in the first degree, he having applied the law directly to the facts. This is the best practice. Wagner v. State, 35 Texas Crim. Rep., 257.

The court property charge the venue to be in Cherokee County. Appellant acting through an innocent agent, the venue of the crime is where the agent acts, although the appellant may have instigated the action of the agent in another and different place. Sax v. State, 28 S. W. Rep., 688; Carlisle v. State, 37 Texas Crim. Rep., 108; Green v. State, 13 Miss., 382; People v. Adams, 3 Denio, 190; Commonwealth v. Harvey, 8 Am. Jurist, 69; People v. Rathburn, 21 Wend., 509.

The facts in this case being undisputed, showing that appellant unlawfully and willfully and by means of false and forged pardon aided his principal, George Isaacs, who was legally confined in the penitentiary, to escape the execution of his sentence, which is punishment by confinement for life, and the essence of the offense being unlawfully giving this aid, it was not necessary to charge in the indictment nor in the court's charge that the knowledge of the instrument being false and forged was with appellant. This is involved in the allegation, unlawfully and willfully, and in the charge of the court. It is only where a special intent or a peculiar knowledge is an element of the crime that it has to be charged in the indictment, such as where willful intent is an element of the crime or the knowledge of the existence of a certain fact is an element of the crime. This is not made so under the statute under which appellant was convicted.

BROOKS, JUDGE.—Appellant was convicted as accessory to murder, and his punishment assessed at confinement in the penitentiary for life.

The record shows that in November, 1894, in Hemphill County, Texas, one Tom T. McGee was killed. A short time after the killing George Isaacs was arrested, and incarcerated in jail, charged with being an accomplice to the murder of McGee. Subsequently he was indicted by the grand jury of Hemphill County, the indictment charging him as a principal and as an accomplice with Jim Harbolt and Joe Blake in the killing of McGee, and as an accomplice to persons to the grand jury unknown in the killing of McGee. In October, 1895, on a change of venue to Hardeman County, Isaacs was tried and convicted, the jury returning a general verdict finding him guilty of murder as charged in the indictment, without determining whether they found him guilty as principal or as an accomplice, assessing his punishment at confinement in the penitentiary for life. The evidence upon the trial of Isaacs showed that at the time of the homicide Isaacs was not present and participating in the same, but that his connection was as a party to the conspiracy between himself and the above-mentioned parties, and probably others, to hold up and rob a train at Canadian, Texas, the scene of the homicide; and in the attempted perpetration of said robbery McGee was killed. For a further and more detailed

statement of the evidence on the trial of Isaacs, see Isaacs v. State, 36 Texas Criminal Reports, 505. After the conviction of Isaacs, he was duly sentenced and incarcerated in the State penitentiary at Rusk, Texas. About the 27th day of September, 1899, a pardon was received at the Rusk penitentiary, by the authority of which George Isaacs was released from the penitentiary. The evidence shows that appellant, Dent, forged the pardon, which forgery shows intimate knowledge on part of appellant of Isaacs' guilt. The indictment for accessory to murder is predicated upon the foregoing state of facts, in that by said forged pardon appellant aided Isaacs to evade the execution of his sentence.

Appellant presented the following motion to quash the indictment: "Defendant excepts to the indictment filed against him, and says the same charges him with no offense against the laws of the State. Defendant specially excepts to the first count in said indictment because the same does not charge any act that was done by defendant or any means used by defendant in the perpetration of any offense. Nor does it set out any means used by defendant in assisting or aiding the said George Isaacs. In fact, said count of the indictment does not allege any facts, matters, circumstances, act, or anything else to give notice to this defendant of what was expected to be proved against this defendant by the State." Appellant's main insistence seems to be that the first count of the indictment is defective, in that it does not charge any act done by defendant or any means used by defendant in the perpetration of any offense. An indictment similar to the first count here has been held good in Gann v. State, 42 Texas Criminal Reports, 133, and, without further discussion of the matter, we refer to that case. We think the count is good. Even conceding the first count is insufficient, yet in view of the fact that the verdict of the jury against appellant is general, and that the second count does specifically state the means used by appellant in aiding his principal, George Isaacs, to evade the execution of his punishment, the supposed error becomes harmless. Pitner v. State, 37 Texas Crim. Rep., 272; Henderson v. State, 2 Texas Crim. App., 88; Southern v. State, 34 Texas Crim. Rep., 144.

Appellant's next contention in his able brief is based upon his seventh bill of exceptions, to wit: "The court erred in admitting in evidence the certified copy of a judgment of conviction of murder in the first degree in cause No. 334 (State of Texas v. George Isaacs), from the District Court of Hardeman County. The district attorney announced this copy of judgment was introduced for the purpose of proving the guilt of George Isaacs of the murder of Tom T. McGee, as charged in the indictment against defendant, Dent. Appellant contends that, if said judgment was admissible at all, it could only be for the purpose of proving George Isaacs, the principal, had been tried and convicted, in order to comply with article 90, Penal Code, and was clearly inadmissible, and in violation of section 10 of the bill of rights and the sixth amendment to the Constitution of the United States." To sup-

port appellant's position, he cites us to Cline v. State, 36 Texas Criminal Reports, 320, and to Kirby v. United States, 174 United States, 47, 19 Supreme Court, 574, 43 Lawyers' Edition, 890.   We do not think the case of Cline v. State, supra, is at all in point on the question here involved.   In Kirby's case, supra, the court was considering the following matter:   Under the act of Congress of March 3, 1875, it is provided, where one is convicted of feloniously stealing stamps and carrying them away from the postoffice, and upon a subsequent trial of a third party for receiving said stamps, the judgment of conviction of the principal shall be conclusive evidence against said receiver that the property of the United States therein described had been embezzled, stolen, and purloined.   Justice Harlan, delivering the opinion of the court, held that the provisions of the statute violated the clause of the Constitution of the United States which declares that in all criminal prosecutions the accused shall be confronted with the witnesses against him.   By the facts it appears that Wallace, Baxter, and King (the first two upon pleas of guilty, and the last upon trial) had been adjudged guilty of the theft of stamps from the United States postoffice.   In the trial of Kirby for receiving said stolen property the judgments against the three first-named parties were introduced in evidence under the terms of the above quoted statute.   Justice Harlan said:  "As heretofore stated, the crime charged against Wallace, Baxter, and King, and the crime charged against Kirby were wholly distinct; none the less so because in each case it was essential that the government should prove that the property described was actually stolen.   The record of proof of a vital fact in one prosecution could not be taken as proof in the other of the existence of the same fact.   The difficulty was not met when the trial court failed, as required by the Act of 1875, to instruct the jury that the record of the conviction of the principal felons was conclusive evidence of the fact that the property had been actually stolen, but merely said that such record made a prima facie case as to such fact.   The fundamental error in the trial below was to admit in evidence the record of the conviction of the principal felons as competent proof for any purpose.   That those persons had been convicted was a fact not necessary to be established in the case against the alleged receiver; for, under the statute, he could be prosecuted even if the principal felons had not been tried or indicted."   From the excerpt quoted, and after a careful perusal of the entire opinion, it will appear that the Kirby case is not in point upon the question here at issue, since, as said by Justice Harlan, one can be convicted of receiving stolen property before indictment or conviction of the thief.   We see another distinction between the Kirby case and the one at bar in this:   The judgment of conviction of the thief would be evidence solely of the fact that Wallace, Baxter, and King had stolen some stamps; but said judgment, after its introduction, would not be any evidence going to show that the stamps so stolen by them were the stamps that Kirby was alleged to have received, knowing them to have been stolen.   But in the

case at bar, if Isaacs killed McGee, the judgment adjudges him guilty of that offense, and the evidence in this case shows appellant aided Isaacs to escape the execution of his sentence for the murder of McGee. We do not understand that the Supreme Court of the United States in the Kirby Case, supra, were passing upon the ordinary doctrine of accessory after the fact, or the character and kind of proof necessary to make out a conviction of the accessory. The receiver of stolen property is not an accessory, as ordinarily understood, since the guilt of the receiver does not depend in any sense upon the guilt or conviction of the thief. Be this as it may, if Kirby's case be correct, that the judgment of conviction of the principal in the trial of an accessory is not admissible for any purpose, as a casual reading of the decision might indicate, then we say that said authority is so at variance with the long line of precedents on the subject that we can not follow it.

We do not think the decision in the Kirby case, supra, applies to the introduction of the judgment against Isaacs in this case. We think the question considered by the court in the Kirby case is altogether at variance with the question before us in this case. Appellant concedes in his argument that the judgment is admissible for the purpose of showing that Isaacs, the principal, has been tried and convicted in order to comply with article 90, Penal Code. We apprehend appellant would further concede the judgment was admissible as a predicate for a charge on the part of the trial court as to the punishment that should be inflicted upon the accessory after the fact, since article 88, Penal Code, provides: "Accessories to offense shall be punished by the infliction of the lowest penalty to which the principal in the offense would be liable." Now, if the principal has not been convicted, it is proper to introduce testimony showing the guilt of the principal as a predicate for the prosecution of the accessory after the fact, as was properly held by us in Poston v. State, 12 Texas Criminal Appeals, 409. And here we will remark that appellant seems to rely with some degree of strenuousness upon this case as authority for his position here. The principal in the Poston case had never been convicted, so far as the record shows, and certainly then the facts would be admissible going to show the guilt of the principal in a proper prosecution of the accessory. Then the sentence of the principal, as stated above, would be admissible, as a predicate upon which the trial court would base a charge as to the amount of punishment to be inflicted by the jury upon the accessory. This fact is made apparent by the following statement: If the principal has been acquitted, the accessory can not be prosecuted. If the principal has been acquitted of either degree of homicide, or both of the higher degrees, to wit, murder in the first and second degrees, and convicted of manslaughter, then we take it that the accessory could be convicted of no higher degree of offense than the principal had been convicted. Therefore, although the evidence upon the trial of the case might show that the principal was guilty of a higher grade of offense than he had previously been convicted of, yet appellant would be entitled

to a charge from the court telling the jury that they could not convict him of a higher grade of offense than the principal had been convicted. We therefore hold that the judgment was admissible in order to show the conviction of the principal as authorized by article 90, and also as a predicate for the charge or the part of the trial court, as we construe article 88, Penal Code. If this were an original question, we would hold, as ably contended by the State, and as charged by the trial court, that the verdict of the jury and judgment and sentence of the District Court of Hardeman County are conclusive proof of the guilt of Isaacs of the murder of Tom T. McGee. But we have searched in vain for authority supporting this position. In Broxton v. State, 9 Texas Criminal Appeals, 97, we held, where the court below instructed the jury that a certain indictment and capias put in evidence by the State were sufficient proof to establish the allegation contained in the indictment that F. A. Lattimore, the person described in said indictment and capias, was confined on an accusation of felony, was a correct charge, and not on the weight of the evidence, and was a proper explanation of the legal effect of the records of the court. In this case appellant appears to have been prosecuted for prison breach, and we merely cite same as authority supporting the proposition that it is the imperative duty of the trial court to give the jury a rule as to the probative force of judgments and sentences in cases of this character. In Arnold v. State, 9 Texas Criminal Appeals, 438, we used the following language: "The principals not being tried and convicted, so that the record of their conviction could be introduced to establish their guilt, the State was required to prove their guilt in the same manner and to the same certainty as if they themselves had been upon trial, for their guilt must be shown before the accomplice can be legally convicted." We think the inference from the latter case is thoroughly fortified by reason, and is in strict line and consonance with the proper presentation of the evidence going to show the accessory's guilt. If the principal has not been convicted prior to the conviction of the accessory, when evidence is introduced to prove the principal's guilt in the trial of the accessory it is to demonstrate but one fact,—not any culpability on the part of the accessory in the original crime, but simply and solely to prove the guilt of the principal, and from said guilt to erect one circumstance going to show the accessory's guilt, which alone is predicated upon knowledge of the guilt of the principal. This knowledge, as contemplated by article 86, Penal Code, does not carry with it the idea of full, perfect, and absolute consciousness of all the salient features of the evidence going to show the principal's guilt. But, as stated above, this is not now an original question. The courts of last resort all over the United States have held that the judgment of conviction of the principal upon the trial of the accessory is merely prima facie evidence of the guilt of the principal; and that said judgment, although admissible in the trial of the accessory, may be combated by evidence on the part of the accessory, and the absolute innocence of

the principal demonstrated, and ultimate thereby in the acquittal of the accessory. 1 Rosc. Crim. Ev., p. 279; Whart. Crim. Ev., 519, 602; 2 Bish. Crim. Proc. sec. 12; 1 Bish. Crim. Law, secs. 667, 668; 1 Am. and Eng. Enc. of Law, 270; Lynes v. State, 36 Miss., 617; Anderson v. State, 63 Ga., 675; State v. Mosley, 31 Kan., 355, 2 Pac. Rep., 782; State v. Chittem, 2 Dev. Law, 49; Commonwealth v. Knapp, 10 Pick., 477, 20 Am. Dec., 534; Baxter v. People, 7 Ill., 578; People v. Buckland, 13 Wend., 592; Levy v. People, 80 N. Y., 327; People v. Gray, 25 Wend., 465; Keithler v. State, 10 Smedes & M., 192; State v. Crank, 23 Am. Dec., 117; State v. Duncan, 6 Ired., 98.

Then, in conclusion upon this matter, we will say that a judgment and conviction of Isaacs makes out a prima facie case as to the guilt of said Isaacs under the above-cited authorities; and the only remaining question to be considered is whether or not appellant is guilty, knowing that an offense has been committed, of aiding said Isaacs to escape the execution of his sentence. In the case of Tully v. Commonwealth, 13 Bush, 143, the court said: "It is sufficient that appellant has good reason to believe Osborne was guilty of the murder charged, and was fleeing from justice, to render the aid or comfort given him unlawful. It was not necessary to prove that he had actual knowledge of these facts." Nor do we think it necessary for the accessory after the fact to have absolute knowledge or actual knowledge of all the facts going to show the criminality of Isaacs. If so, then the State in this case would be without evidence upon which to base a valid prosecution. Isaacs was tried, convicted, and sentenced, and incarcerated in the penitentiary long before the record shows any knowledge on the part of defendant, Dent, of said facts. Then, is it possible to say that the rules of evidence require the facts going to show the accuracy of said conviction to be introduced on the trial of Dent, when the introduction of said facts does not bring home with any greater or fuller force knowledge of said conviction to Dent than the judgment introduced upon the trial of this case? Whart. Crim. Law, secs. 237, 242, 244; White v. People, 81 Ill., 333.

The court charged the jury as follows: "These records [that is, the judgment, sentence, and indictment of Isaacs] are admitted alone for the purpose of proving that George Isaacs was guilty of the murder of Tom T. McGee, as charged in the indictment in this case, and you will not consider this evidence for any other purpose than that for which it was admitted; that is, for the purpose of proving George Isaacs to have been guilty of murder in the first degree, as charged in the indictment against him, as determined by the judgment of the Hardeman County District Court. You are instructed that said records are conclusive proof of the conviction and guilt of George Isaacs of murder in the first degree, and of the murder of Tom T. McGee by said Isaacs." We think the court erred in this charge. It was the duty of the court to tell the jury that the records introduced (naming them) were prima facie proof of the conviction and guilt of George Isaacs of the murder

in the first degree of Tom T. McGee, and not conclusive proof of said fact. Floeck v. State, 34 Texas Crim. Rep., 314. But, in view of the fact that appellant introduced no evidence, we are then confronted with the proposition as to whether the error of the court was calculated to injure the rights of appellant. We have searched in vain for a distinction between evidence that makes out a prima facie case that is uncontroverted and a charge to that effect and a charge that says said evidence is conclusive. If the jury in this case had been told by the court that the records were prima facie evidence of the guilt of Isaacs, could there be any controversy over the fact that they would have concluded under the evidence before them that defendant was guilty? We think not. Then certainly, under the mathematical aphorism that "things that are equal to the same thing are equal to each other," we think it can be accurately stated that this charge was not calculated to injure the rights of appellant. So believing, we do not think appellant is entitled to a reversal. Barnett v. State, 42 Texas Crim. Rep., 302, 2 Texas Ct. Rep., 447; Johnson v. State, 42 Texas Crim. Rep., 87.

Appellant filed a motion for continuance for want of the testimony of J. J. Sutherland and Fred Hasbrugh, by whom he proposed to prove that Isaacs was not present at the time McGee was killed, but was half a mile away. The court did not err in refusing this application, since we do not think it shows diligence. But, even conceding it does, we do not think the testimony is material, or probably true, in the light of the record before us. An inspection of the case of Isaacs v. State, 36 Texas Criminal Reports, 505, and the statement of facts before us in this case, wherein a certified copy of the mandate of the Court of Criminal Appeals in said case was introduced, which affirmed the judgment convicting said Isaacs of murder in the first degree; and also the indictment against George Isaacs as contained in the record before us, and the verdict of the jury thereon,—all show that said Isaacs was indicted both as a principal and accomplice to murder, and the verdict of the jury was general, thereby making no direct application of the guilt of Isaacs to either count in the indictment. This being true, the testimony becomes immaterial, because, under the indictment against Isaacs, he may have been guilty and still have been half a mile away, and is proposed to be proven by said witnesses. If said witnesses had been present and testified as indicated in said application, would it have probably affected the result of this case? We think not. Furthermore, we do not think said testimony was material upon another phase. An inspection of the forged pardon, as contained in the statement of facts, shows that defendant therein states, "George Isaacs had been adjudged guilty of the offense of murder, and his punishment assessed at confinement in the State penitentiary for life; and whereas, the said murder consisted in his being charged as an accessory to the commission of the crime of murder,"—thus showing that appellant, at the time he forged said pardon, knew that Isaacs was convicted as an accomplice to mur-

der, or believed he was. Therefore we conclude that the testimony of the absent witnesses was not material in the light of this record, and would not probably have changed the result of the trial if the absent witnesses had been present and testified as alleged by appellant.

Appellant also contends the court erred in its charge in failing to define what constitutes an accessory, or what constitutes murder in the first degree. The court applied the law directly to the facts. We commend this as the best practice. Wagner v. State, .35 Texas Crim. Rep., 257.

He also contends the court erred in charging the jury that the venue was properly laid in Cherokee County. The proof shows appellant acted through an innocent agent in having Isaacs released from the penitentiary upon the forged pardon, which pardon was used in Cherokee County for that purpose, Isaacs being confined in the penitentiary in said county. We think this properly places the venue in Cherokee County for the trial of the accessory, Dent. Sikes v. State (Texas Crim. App.), 28 S. W. Rep., 688; Carlisle v. State, 31 Texas Crim. Rep., 537.

It may be contended that the facts in this case do not make appellant an accessory under article 86, Penal Code. We think the evidence is sufficient. It makes no difference whether appellant enabled Isaacs to escape all of his punishment or not. It is not necessary, in order to constitute one an accessory, that he should enable the principal to escape permanently part of all of his punishment. This question is very satisfactorily settled in favor of the proposition just announced in Wren v. Commonwealth, 26 Grattan, 952. There it was held that any assistance given to one known to be a felon, in order to hinder his apprehension, trial, or punishment, is sufficient to make one an accessory after the fact,—as that he conceals him in the house; or shut the door against his pursuers until he should have an opportunity to escape; or took money from him to allow him to escape; or supplied him with money, a horse, or other necessaries in order to enable him to escape; or that the principal was imprisoned, and the jailer was bribed to let him escape, or conveyed to him instruments to enable him to break the prison and escape. True, the test as there laid down as to whether one is an accessory after the fact or not was whether or not the accessory furnished aid by way of personal help to his principal with the view of enabling his principal to elude punishment; the kind of help rendered appearing unimportant. By carefully reading this case it will appear that the common law authorities on the subject are collated by the court; among others: 2 Hawk, P. C., chap. 29, par. 32; 4 Bl. Comm., 37; 1 Hale, P. C.; 322, 622; 3 P. Wms., 496. But we are not without authority on this question in our own State. The question is thoroughly discussed in Blakely v. State, 24 Texas Criminal Appeals, 616. See also Schackey v. State, 41 Texas Crim. Rep., 255.

We can not close this opinion without testifying to the very able and matchless way in which the appellant's counsel and the able Assistant

Attorney-General have presented their respective sides of this case. Their research has been tireless, and all the authorities have been reviewed by them in a painstaking effort to solve the many vexing questions involved in this record, and we can not too strongly commend them.

We have carefully reviewed all of appellant's assignments of error, and to no case have we given more investigation than the one now before us. We feel constrained to say there has been no such error committed as was calculated to injure the rights of appellant, and that the verdict of the jury is amply sustained by the evidence adduced.

The judgment is affirmed.

*Affirmed.*

Henderson, Judge, dissents.

ON MOTION FOR REHEARING.

BROOKS, JUDGE.—At a previous day of this term the judgment was affirmed, and now comes before us on motion for rehearing. Appellant contends, in the first paragraph of his motion, that the court erred in holding the indictment sufficient, and in further holding that the verdict of the jury cured the insufficiency of the first count of said indictment, in that the verdict, being a general one, could be applied to the second count of the indictment, which did not set out the means used. In the original opinion we quoted the Gann Case, 42 Texas Criminal Reports, 133, on the sufficiency of the indictment, which contains an extract from 2 Bishop's Criminal Procedure, section 8, subsection 3, as follows: "It is in no case necessary to set forth the means by which the accessory after the fact received, concealed, or furnished the principal felon, for it is perfectly immaterial in what way the purpose of the one was effected or the harboring of the other secured, as the means are frequently of a complicated nature, which would lead to a great inconvenience and perplexity if they were always to be described upon the record." Further, in Foster's English Crown Cases (page 365), in passing upon a similar question, this language is found: "When the accessory is brought to a trial after the conviction of the principal, it is not necessary to enter into detail of the evidence on which the conviction was founded; nor doth indictment aver that the principal was in fact guilty. It is sufficient if it reciteth with proper certainty the record of the conviction. This is evidence against the accessory sufficient to put him upon his defense, for it is founded on a legal presumption that everything in the former proceeding was rightly and properly transacted." Again, in 1 Chitty Criminal Law, page 273, we find this language: "In an indictment against an accessory alone after the conviction of the principal it is not necessary to aver that the latter committed the felony, or on the trial to enter into a detail of the evidence adduced against him. But it is sufficient to recite with certainty the record of the conviction, because the court will presume everything on

the former occasion to have been rightly and properly prosecuted." This doctrine is reiterated in 2 Bishop's New Criminal Procedure, section 11. .Reverting to the indictment in this case, it is only necessary to allege that the principal, Isaacs, had been adjudged guilty, and the fact of his conviction; the appeal and affirmance of said sentence by this court; and that portion of the indictment which seeks to state the manner and means by which Isaacs committed the murder must be and is surplusage, and, being such, it was not necessary for the State to prove the same. In Mayo v. State, 7 Texas Criminal Appeals, 342, the rule in reference to surplusage is thus stated: "Under the code of this State, an indictment is good, in substance, if, eliminating the surplusage, it so avers the constituents of the offense as to apprise the defendant of the charge against him and enable him to plead the judgment in bar of another prosecution for the same offense. That which is not necessary to prove need not to be alleged in the indictment." See also Hammons v. State, 29 Texas Crim. App., 445; Taylor v. State, 29 Texas Crim. App., 466; McConnell v. State, 22 Texas Crim. App., 354; Moore v. State, 20 Texas Crim. App., 275. Now, then, under the above authorities, the indictment is sufficient, as indicated in the original opinion.

Appellant's motion for continuance shows the same was made in order to secure the testimony of witnesses by whom he proposed to prove an alibi for Isaacs. Appellant's principal (Isaacs) was indicted in the first count for murder of Tom T. McGee, in the second count as an accomplice with Harbolt to said murder, and in the third count as an accomplice to murder with parties unknown to the grand jury. This application, if we conceded the question of diligence as strenuously insisted by appellant, becomes immaterial after the introduction of the indictment of Isaacs, because Isaacs would not have to be present to be an accomplice to the murder under either the second or third counts in the indictment. Appellant insists, however, by force of the fact that the indictment against appellant charges that "George Isaacs, on or about the 23d day of November, 1894, in the county of Hemphill, State of Texas, with malice aforethought killed and murdered Tom T. McGee by shooting him with a pistol," this necessarily limits the State to proof of a homicide on the part of appellant's principal, Isaacs, in which said Isaacs was actually present and participated by shooting deceased. In other words, that, although the indictment of Isaacs contained three counts as stated, yet having alleged that Isaacs killed and murdered deceased with a pistol in the indictment against appellant renders the testimony offered to prove an alibi material. We do not think so. In Carlisle v. State, 31 Texas Criminal Reports, 537, it is said, "The word 'murder' was held to include as well accessories before the fact as principals." In Isaacs v. State, 36 Texas Criminal Reports, 505, we held, where an indictment for murder contained three counts,—one charging defendant as principal, one charging him as an accomplice to one Harbolt, and the third charging him as an accomplice to per-

sons to the grand jury unknown,—that a general verdict of guilty, without stating the count on which it was based, is sufficient, and will be applied to either one of the counts which is sustained by the proof. It follows, we take it, from the foregoing authorities, that the mere fact the indictment against appellant in this case charges that Isaacs was convicted of the murder of Tom T. McGee makes a sufficient allegation, without stating he was convicted as an accomplice to the murder. And when appellant seeks to prove an alibi he must show that the testimony applies to each phase of the case as made out by the judgment against Isaacs, for on the last two counts in the indictment against Isaacs it becomes immaterial whether Isaacs was present at the time of the homicide or not, since his presence would have made him a principal, and not an accomplice. Therefore, as stated, conceding appellant used the utmost diligence to secure the testimony of the two absent witnesses to prove an alibi, still we hold the court did not err in overruling the application for continuance in the light of the record before us. Nor would the court have committed a reversible error in charging that judgment against Isaacs was conclusive as to his guilt, even if the two absent witnesses had been present, and had testified to the alibi, as stated in the application. In other words, the indictment against Isaacs charging him with murder, accomplice to murder with Harbolt, and accomplice to murder with parties unknown, and the jury having returned a general verdict, and the court having adjudged him guilty of murder, the judgment of conviction, having been introduced in this case, becomes prima facie evidence of his guilt under the three several counts in the indictment; and, if appellant seeks to controvert the prima facie case so made out by the State, he must do so as to each count in the indictment; and testimony merely showing that the principal was not present at the time of the homicide would not become material and breach the case of the State upon the different phases of the indictment against the principal Isaacs, and, until this is done, we could not hold the court had committed error in refusing the application.

Appellant also strenuously insists that we erred in not following the Supreme Court of the United States in Kirby v. United States, 174 United States, 47, 19 Supreme Court, 574, 43 Lawyers' Edition, 890, cited in the original opinion. We there stated there were several legal differences between the receiver of stolen property, as stated in the Kirby case, and the accessory after the fact. This distinction is made further apparent in Street v. State, 39 Texas Criminal Reports, 134. In that case Judge Henderson, delivering the opinion, uses this language: "Receiving stolen property is a substantive offense, and is covered by our statute. Penal Code, art. 878. An accessory is defined to be 'one who, knowing that an offense has been committed, conceals the offender or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence.' Penal Code, art. 86. We construe this to mean that, in order to be guilty of this offense, the person charged must give some personal help to the offender, in order that he may evade

an arrest or trial for the offense committed. For instance, B, knowing that A has committed a felony, and that the officers are in pursuit of him, furnishes him with a horse to escape, or furnishes him money or other means to assist him in evading an arrest or trial. As stated above, in our opinion the proof only shows in this case that appellant received the flour which had been burglariously taken, and concealed the same, and under a proper indictment could have been convicted of receiving stolen property. At any rate, the charge given was not a proper charge on the subject, and the charge asked should have been given. As far as we are advised, the authorities all hold that the mere receiver of stolen property can not be convicted as an accessory to the theft itself, or to its burglarious taking, under statutes on the subject similar to our own. Bish. Crim. Law, sec. 699; People v. Stakem, 40 Cal., 599; People v. Shepardson, 48 Cal., 189; Loyd v. State, 42 Ga., 221." If the foregoing be a proper presentation of the law on this question, then the Kirby case has nothing to do with the decision of this question.

We believe we have passed upon all of appellant's insistences in his motion for rehearing, and see no cause to change our views as expressed in the original opinion. The motion for rehearing is overruled.

*Motion overruled.*

.Henderson, Judge, absent.

DAVIDSON, PRESIDING JUDGE.—I concur with Judge Brooks in the result reached in this case, and desire to make a few observations in regard to three questions only. First, the refusal of the court to continue the case; second, the objection to the introduction of the record of conviction and sentence as evidence; third, the charge of the court to the effect that the judgment and sentence were conclusive of the conviction and guilt of the principal, George Isaacs.

Judge Brooks treated these questions from the authorities which hold that the judgment of conviction of Isaacs was prima facie evidence of the guilt of said Isaacs as against the accessory, appellant herein. I desire to discuss the same matters from the standpoint of their conclusiveness against the accessory under the allegations in the indictment. Our statute provides that "an accessory is one who, knowing that an offense has been committed, conceals the offender or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence." Thus it will be seen at a glance there are several ways in which a party may become an accessory. This being true, it may be stated as an unquestioned proposition that, where there are several ways by which an offense may be committed, set forth in the same statute, or embraced in the same general definition, and made punishable in the same manner, and are of such character that each act may be considered as representing a stage in the same offense, they may be charged conjunctively in the same count. Where offenses are several in their nature, but yet of such a character that any one of them, when complete, necessarily implies the other, they may be joined in the same count. The

pleader may select one of the modes prescribed, and allege it, or he may allege more than one, and this would not render it subject to the charge of duplicity. White's Ann. Code Crim. Proc., sec. 383, for collated authorities. And proof of either would authorize a conviction.

Recurring to the indictment herein, it will be observed that the pleader only undertook to charge appellant's connection with his principal, Isaacs, by reason of the fact that subsequent to Isaacs' conviction he assisted Isaacs to evade the execution of his sentence. Therefore that portion of the indictment which, by way of explanation or historical statement of the case, avers the killing of McGee in Hemphill County, and the return of the indictment in said county for such killing, was not a necessary allegation, and did not call for evidence of the details of the killing. This, being an unnecessary allegation, did not necessarily vitiate the indictment, and therefore could be rejected as surplusage. Such has been the rule in Texas from the beginning. Saddler v. Republic, Dall. Dig., 610; and for collation of authorities see White's Ann. Code Crim. Proc., sec. 382. Where an indictment contains the necessary averments to constitute one offense, and also details facts necessary to, but not sufficient to, constitute another offense, such facts, with regard to the offense defectively alleged, will be treated as surplusage. Crow v. State, 41 Texas, 468; State v. Coffey, 41 Texas, 46; State v. Dorsett, 21 Texas, 656; State v. Smith, 24 Texas, 285; Henderson v. State, 2 Texas Crim. App., 88; Pickett v. State, 10 Texas Crim. App., 290; Holden v. State, 18 Texas Crim. App., 91. Redundant allegations, and those which are in no manner necessary to a description of the offense, and which are not essential to constitute the offense, and which can be entirely omitted without affecting the charge against the accused, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded as part of the indictment. Gordon v. State, 2 Texas Crim. App., 154; Burke v. State, 5 Texas Crim. App., 74; Hampton v. State, 5 Texas Crim. App., 463; Mayo v. State, 7 Texas Crim. App., 342; Smith v. State, 7 Texas Crim. App., 382; Rivers v. State, 10 Texas Crim. App., 177; Gibson v. State, 17 Texas Crim. App., 574; Holden v. State, 18 Texas Crim. App., 91; Moore v. State, 20 Texas Crim. App., 275; McConnell v. State, 22 Texas Crim. App., 354; Osborne v. State, 24 Texas Crim. App., 398; Watson v. State, 28 Texas Crim. App., 34; Cudd v. State, 28 Texas Crim. App., 124; McLaurine v. State, 28 Texas Crim. App., 530; Finney v. State, 29 Texas Crim. App., 184; Hammons v. State, 29 Texas Crim. App., 445; Taylor v. State, 29 Texas Crim. App., 466; Waters v. State, 30 Texas Crim. App., 284; McDaniel v. State, 32 Texas Crim. Rep., 16; Loggins v. State, 32 Texas Crim. Rep., 358; Williams v. State, 35 Texas Crim. Rep., 391; Lassiter v. State, 35 Texas Crim. Rep., 540; Webb v. State, 36 Texas Crim. Rep., 41; Jordan v. State, 37 Texas Crim. Rep., 222. That portion of the indictment, therefore, which recites the killing of McGee by Isaacs in Hemphill County, and the transfer of the case from that county to Hardeman County, can be

treated as surplusage; that is, it was not necessary to produce the witnesses showing the details of the homicide in Hemphill County. Appellant did not connect himself with Isaacs with regard to these matters, nor until after Isaacs' conviction and incarceration in the penitentiary. His only connection as accessory with Isaacs, the principal, is found in his acts, by which he sought to liberate Isaacs from the execution of the judgment and sentence entered against him in Hardeman County. If the pleader had charged all phases of the statute denouncing the punishment against accessories, and the State had only been able to prove the violation of one, the other allegations could be disregarded by the court. It was only incumbent on the State, under this indictment, to prove the fact that Isaacs was convicted and sentenced in Hardeman County, and incarcerated by virtue of said judgment and sentence in the penitentiary; and that appellant, knowing these facts, succeeded by the means charged in relieving him from such custody. This would have been sufficient evidence in regard to Isaacs being an offender, or guilty of a criminal violation of our law, as found by the judgment and sentence. As the allegations are, so must the evidence be. Therefore the record of conviction and sentence was not only admissible, but was the best evidence, and conclusive of the conviction and guilt of Isaacs.

The continuance was sought for two witnesses, by whom he expected to prove that Isaacs was not present at the homicide of McGee. The judgment of Hardeman County adjudged him guilty of murder in the first degree, and appellant could not go behind that judgment, and inquire into the details of the killing, because he had only connected himself with Isaacs after his conviction and incarceration in the penitentiary. He was not assisting Isaacs to evade an arrest or trial, but only relieving him from the execution of his sentence, and he could only defend against his acts in this connection, and not against acts prior to the conviction. Therefore the court did not err in refusing the continuance, for, if the testimony had been offered, it would have been inadmissible.

When the judgment and sentence were offered as evidence, appellant objected because he was entitled to be confronted by the witnesses against him. That clause of the Constitution has no application to records and judgments, and, but for the earnestness of counsel, would not be noticed. White's Ann. Code Crim. Proc., sec. 1064, for collated authorities; People v. Jones, 24 Mich., 214; Bish. Crim. Proc., sec. 1134. In support of his contention we are cited to Cline v. State, 36 Texas Criminal Reports, 320. That case has no application to this question or this case. Appellant's counsel also rely upon Kirby v. United States, 174 United States, 47, 19 Supreme Court, 574, 43 Lawyers' Edition, 890. This case goes to the extent of holding that the judgment of conviction of the principal is not evidence against the receiver of stolen property. It is not necessary to enter into a discussion of that case, for two reasons: First, there is a marked difference between the relation of receiver of stolen property to the thief as contradistinguished to the accessory's relation to his principal. One connects himself with the

crime itself, the other with the offender. Second, to review that case would lead to a discussion not only of the differences between those classes of crimes, but into the rule of prima facie evidence, where judgments are sought to be introduced in both character of cases. However, the Kirby case does assert the proposition that as proof of the fact of conviction the record is not only admissible, but is conclusive. The sentence of Isaacs was necessary, under this indictment, to be proved, as the State's case as charged connected him only with Isaacs after conviction and sentence. The only way by which this could be shown was by the record of conviction and the sentence. This was the best evidence. And, if evidence had been offered of an oral character, the State would have been met with the fatal objection that the records were the best evidence. It is not only the best evidence, but it is the only evidence by which those matters alleged in the indictment could be shown. Germane to this, it may be stated that the judgment and sentence of a court of competent jurisdiction can not be contradicted, varied, or falsified by parol evidence. Vestal v. State, 3 Texas Crim. App., 648; Cox v. State, 7 Texas Crim. App., 495. Hence appellant would not be permitted to introduce parol evidence to impeach the judgment or sentence, or go behind the record, and enter into a discussion of the testimony as to whether Isaacs was or was not present when Tom T. McGee was killed. He was not charged with being an accessory to Isaacs in assisting Isaacs to evade an arrest or trial; and therefore the matters occurring prior to the conviction could not be inquired into by appellant. Even under the rule which might authorize strangers to impeach a judgment, appellant would not be authorized attack the judgment against Isaacs, for it is only those strangers who, if the judgment were given full credit and effect, would be prejudiced in regard to some pre-existing right, that are permitted to impeach the judgment. Freem. on Judg., 3 ed., sec. 335; Wilcher v. Robertson, 78 Va., 602. Whatever rights appellant may have had on the trial did not occur prior, but subsequent and subordinate, to the judgment, because his connection with the case only occurred after the conviction.

It is also contended the court erred in charging the jury that the record of conviction and sentence was conclusive evidence of the conviction and guilt of Isaacs. The charge of the court was correct. It is a rule of general application that the legal effect of a judgment of a court of competent jurisdiction is decided by the court, and not the jury. The charge was not, therefore, upon the weight of evidence, as urged by appellant. In Broxton's case, 9 Texas Criminal Appeals, 97, appellant was indicted for carrying tools and chemicals into the jail with the intent to aid the escape of a prisoner therein confined on an accusation of felony. The court charged the jury that the two indictments, capias, and returns of the officers introduced in evidence by the prosecution were sufficient proof to establish the allegations contained in the indictment that Lattimore, the person charged in the indictment and capias, was confined on an accusation of felony. It was insisted

that this charge was erroneous, as being upon the weight of the evidence. On appeal this court said it was not. It being a question of the legal effect of indictments and capias, it was a matter peculiarly within the province of the court to determine, and was therefore the duty of the court to charge the jury as to such legal effect. White's Ann. Code Crim. Proc., sec. 811, for authorities. The judgment was conclusive of Isaacs' guilt. Its legality was not the subject of inquiry at the hands of the accessory. A party can not invade the penitentiary and discharge inmates held under confinement and sentence of courts of competent jurisdiction, and upon trial therefor be heard to assert that the prisoner was illegally confined because the facts did not support the conviction. A kindred question was discussed by this court in Cordway v. State, 25 Texas Criminal Appeals, 405. Cordway was placed upon trial for perjury committed upon the trial of one Coy, who had been extradited from Mexico. After being brought to Texas, Coy was tried in Wilson County for a different homicide than that for which he was extradited. In avoidance of conviction, Cordway proposed to take advantage of the fact that Coy, under the extradition treaty, ought not to have been tried in Wilson County, because he had not been extradited for the murder committed in that county. The court held substantially that, if Coy could take advantage of this, Cordway could not. Judge Brooks discussed the effect of the judgment against Isaacs from the standpoint of the authorities which hold that it was prima facie evidence against the accessory of the guilt of the principal. The weight of the authority sustains this proposition under the law under which the accessory in those cases was tried. See the cases cited by him in his opinion. Under our statute and the allegations in the indictment in this case, I believe the judgment and sentence conclusive of the guilt and conviction of Isaacs against appellant, as his accessory. Much has been written with reference to the effect of judgments of conviction of the principal when introduced as evidence against the accessory. A majority, if not all, of the cases hold that it is prima facie evidence of the guilt of such principal as against the accessory. But the question at issue here was not discussed in any of these cases, so far as I have been able to ascertain. The reason why this is so, so far as the English cases are concerned, is patent. In England the offense of accessory was not constituted as charged in this indictment; that is, by rendering aid to a convict to evade the execution of his sentence. There all the acts of the accessory which constituted him such were rendered the principal before his conviction, and after the fact. Therefore, in England the question here discussed could not have arisen; and the principal's conviction could only be used against the accessory where the principal had been convicted subsequent to the assistance rendered him by the accessory; the accessory being on trial subsequent to his principal's conviction. The question there was whether or not a record of conviction under those circumstances would be admissible against the accessory. Even in this state of case, under the authorities in England, as I understand them, the judgment against the princi-

pal would be prima facie evidence of the guilt of the principal when introduced against the accessory. In all the cases that have come under my observation the accessory was connected with the principal offender, before the principal's conviction; and this was necessarily so, because the character of crime denounced against the accessory under discussion was not constituted in any of those jurisdictions as it is with us; that is, aiding the principal to evade the execution of his sentence. If the accessory is being tried upon an allegation that he rendered assistance to the principal, in order that he might evade an arrest or trial, then the cases which lay down the prima facie rule might become the subject of investigation and discussion.

All I have said pertains only to accessories after the fact. Accessories before the fact, and the law applicable thereto, are not in this case.

I have not entered into a discussion of void judgments. The judgment in this case in unquestionably one rendered by a court of competent jurisdiction. Of this no question was raised on the trial below. That appellant knew of the rendition of the judgment and the sentence against Isaacs is placed beyond question. He and Isaacs had been incarcerated in the county jail at Fort Worth. Pending the appeal of their cases to this court, they had been incarcerated in the penitentiary at Rusk. They had spent some time together in that penitentiary. Appellant was subsequently pardoned. He then set about to procure the illegal liberation of Isaacs, with the hope of obtaining a heavy reward, and to this end forged the pardon which eventually carried out his design. In forging the reasons why Isaacs' pardon was granted, appellant gave a fair history of his principal's case from its inception, as well as many false reasons why he should be liberated. This was done by procuring a genuine pardon, issued to another party, and erasing the name of that party, and the reasons assigned by the governor for granting that pardon; and inserting therein the name of George Isaacs, and the reasons why George Isaacs was pardoned. I therefore concur with Judge Brooks in affirming this judgment. In my opinion, it was not necessary for the State to enter into the details in regard to the killing of Tom T. McGee in Hemphill County; that the fact he was killed in that county is sufficiently met, so far as this case is concerned, by the judgment of conviction against Isaacs finding him guilty of murder in the first degree, and the consequent sentence imposed for that offense; that the introduction of the judgment of conviction and sentence was not violative of that clause of the Constitution which guarantees to an accused the right to be confronted with the witnesses against him; nor was the charge given the jury by the court upon the weight of the evidence. The court further, and in addition, properly instructed the jury with regard to appellant's connection with obtaining the release of Isaacs from the penitentiary.

HENDERSON, JUDGE. (dissenting).—Appellant was tried and convicted in the District Court of Cherokee County on an indictment charging him with being an accessory after the fact in aiding George Isaacs

to escape from the penitentiary at Rusk, where he was confined undergoing a life sentence for the murder of T. T. McGee. He prosecuted an appeal to this court, and the judgment of the lower court has been affirmed by a majority of this court.

It is held in the opinion that the court did not err in overruling appellant's motion for continuance; that neither diligence was used, nor was the absent testimony material or probably true. It is also decided that the court acted correctly in admitting the record of Isaacs' conviction as prima facie evidence of Isaacs' guilt as against appellant. It is conceded, however, in the opinion, that it was error for the trial court to instruct the jury that such record was conclusive evidence against appellant on that issue, but that this error was immaterial, and without prejudice to appellant. Against all of these propositions I am constrained to utter my dissent. In appellant's motion for continuance the diligence stated to procure the witnesses was substantially as follows: The indictment was returned into the District Court of Cherokee County on the 16th day of June, 1900, and the trial came up on the 27th of June following. On the 18th of June, and before copy of the indictment was served on him, he procured process to Potter County for J. J. Sutherland, and on the 19th of June to Hemphill County for Fred Hasbrugh, alleged to reside in said counties, and caused the same to be forwarded by due course of mail to the respective sheriffs of said counties; that said process had not been returned into court at the time of trial, to wit, on the 27th of June, 1900. It is said by the court that this was not sufficient diligence, but it is not stated in what respect the same was defective. Certainly, it could not be held there was laches in not procuring process and forwarding it soon enough. And, inasmuch as the process had not been returned at the time of trial, I can not see what other step could have been taken to have rendered the diligence more complete, unless it be held that the application should have shown issuance of process on the 26th of June, the day before the trial, to Dickens County, for the witness Hasbrugh, when it was discovered that he lived in said county, instead of Hemphill. However, this could not be considered a lack of diligence even as to one of the witnesses, as the discovery was made only the day before the trial. Dickens County is as far from Cherokee as Potter and Hemphill counties, and process had not been returned from either of said counties. The effort made to procure the attendance of the witnesses was distinctly set forth, and it is apparent therefrom that all means provided by law were promptly resorted to in order to obtain their attendance; and this, under the authorities, was all that was required. See White's Ann. Code Crim. Proc., art. 597, subdiv. 2, sec. 600, for authorities. But, if it be conceded that sufficient diligence was not used (which, however, would be doing violence to the application), when it became apparent that the testimony was material, a new trial should then have been granted because of the error in overruling the motion for continuance. Art. 605, sec. 642, subdiv. 2, White's Ann. Code Crim. Proc., for citation of au-

thorities.  Appellant proposed to prove by the absent witnesses an alibi for his principal, Isaacs; that is, the indictment charged Isaacs with being a principal in the murder of McGee.  In this respect both counts are as follows: "That George Isaacs, on or about the 23d day of November, 1894, in the county of Hemphill, in said State of Texas, did, with malice aforethought kill and murder Tom T. McGee, by shooting him with a pistol."  And it was stated in the motion that by both witnesses it was expected to prove that Isaacs was not at the place where the homicide was committed, but was at that time at another and different place, some distance therefrom, naming the place, and so could not have participated as a principal in the alleged murder of McGee.  Of course, it will not be gainsaid that all the authorities hold that the guilt of the principal must be alleged in the indictment; also that it must be proved as alleged.  So it follows, as does night the day, that, if it was incumbent on the State, under the allegations in the indictment, to prove Isaacs was present and participated in the killing of McGee as a principal, any testimony tending to show he was not present, and so could not have participated as a principal in said act of killing, was not only competent, but was absolutely material to his defense.  See authorities cited under sec. 609, White's Ann. Code Crim. Proc.; Baines v. State, 42 Texas Crim. Rep., 510.  A majority of the court conclude that this alibi testimony was not material, because they say Isaacs may have been convicted not as a principal, but as an accomplice to the murder of McGee; and in so holding they refer to the indictment in the original case against Isaacs for the murder of McGee, which was introduced in evidence in this case, and to the opinion of the court in that case.  No authority is referred to in the opinion as a precedent for this court to take judicial cognizance of these matters, and I am not advised that any precedent exists for such a course.  Bear in mind that the indictment in the case against this appellant did not charge his principal, Isaacs, as an accomplice to the murder of McGee, but both counts charged him as a principal in that transaction, and our decisions do not authorize one charged as a principal to be convicted as an accomplice.  See authorities cited under art. 79, sec. 102, White's Ann. Penal Code.  The proof on the part of the State on the trial of appellant was bound to follow and respond to the indictment, which charged that Isaacs shot and killed McGee with a pistol; that is, it charged him as a principal in said homicide.  This was the accusation appellant was called on to answer, and no other; and he proposed to show it was not true, as alleged, that Isaacs was a principal in the murder of McGee.  And I submit it is no answer to appellant's proposition for the State to go outside the indictment against appellant, and say that his principal might have been convicted for an offense not alleged in the indictment against him.  If the suggestion contained in the opinion that matters dehors the indictment and the evidence responsive thereto can be appealed to in this case in order to sustain the action of the court overruling the motion for continuance, it proves too much, for, if Isaacs

was convicted as an accomplice, and not as a principal, then the record of his conviction was not admissible against appellant in this case, because the indictment did not charge that his principal was an accomplice in the murder of McGee, and the record should have been excluded upon that ground, and not treated by the court as conclusive evidence of the guilt of Isaacs of the offense charged in the indictment against appellant.

As to the want of probable truth of the testimnoy of the absent witnesses suggested in the opinion, I would reply there is nothing in the record to gainsay the truth of the averments in the motion, unless it be conceded that the record of Isaacs' conviction was conclusive proof of his guilt. But, as stated above, if this question of materiality can only be made by shifting the case to some other case not alleged in the indictment against appellant, then it would seem that the probable truth of the testimony is admitted, so far as the allegations in the indictment against appellant are concerned. However, I would observe that this mode of overruling motions for continuance on the ground of the probable untruthfulness of the testimony should be exercised with great care, and is only justified when borne out by the overwhelming proof in the record.

If, as is held in the opinion, the record of Isaccs' conviction was admissible as prima facie evidence of his guilt as against appellant, then I understand it to be conceded that this can be rebutted by the accessory. If so, the testimony of the absent witnesses to prove an alibi is directly in rebuttal of the State's case as charged against appellant in the indictment. It is held by my brethren (in what I consider, from their standpoint, an able and exhaustive discussion of the questions involved) that the record conviction of Isaacs was admissible for the purpose of establishing the guilt of Isaacs as to appellant; but as to this they say it only prima facie established this issue. However, inasmuch as there was no rebutting evidence by appellant, the court below was authorized to treat this prima facie case as conclusive. I take it that a majority of the court concede the guilt of Isaacs must be alleged in the indictment against the accessory, and is an essential to be proven in the case against him; for all the authorities hold, unless the guilt of the principal is established, the accessory must go acquit. This is the received doctrine in Texas. Arnold v. State, 9 Texas Crim. App. 438; Cohea v. State, 11 Texas Crim. App. 630; Poston v. State, 12 Texas Crim. App. 408; Crook v. State, 27 Texas Crim. App., 198; Leeper v. State, 29 Texas Crim. App., 159. And so carefully is this guarded that if a juror has formed an opinion as to the guilt or innocence of a principal when the accessory is on trial he is to be excluded. See Arnold's case, supra. And if the court, on request, fails to instruct the jury on reasonable doubt, as applied to the principal's guilt, the case will be reversed. See Leeper's case, supra. In the opinion of the majority upon this question, the common law is appealed to in order to justify the court's action, and a great number of authorities are cited, both text books and decisions. If the authorities cited by them,

or others to be found, were clear, and to the point, and constituted the record of conviction of the principal, in the trial of the accessory, prima facie evidence of the guilt of such principal, and this had grown to be an exception to the rule of evidence in other States and countries where the common law prevails, then I would be willing to concede that the opinion was pretty well fortified for an assault on our constitutional provision requiring one accused of crime to be confronted by the witnesses against him upon every material phase of his case. I have taken some pains to examine both the text books and the cases cited in the opinion, and I find this to be true of them. The text books Roscoe, Wharton, and Bishop appear to lay down the proposition in general terms that the record of the conviction of the principal is prima facie evidence against the accessory on a trial of the latter as to the guilt of such principal; but none of them, so far as I am aware, treat the record as conclusive evidence of such guilt. Mr. Bishop says, "To hold that it would be conclusive would be palpably unjust." These text books, however, for the most part refer to the cases cited in the opinion, and to some English common law cases, which are not cited in the opinion, in support of the rule. In all the cases cited in the opinion it will appear that the question as to the effect of the record did not come squarely before the court, except in the cases from Georgia, Massachusetts, and perhaps Illinois; and what was said in the other tribunals as to the rule of evidence must be regarded as mere dicta. (I would further observe that the case of Commonwealth v. Elisha, 3 Gray, 460, appears to overturn the Knapp case, cited in the opinion.) I would further submit that an examination of most of the cases cited will show that only the text books Russell, Hale, Foster, Wharton, and Bishop are referred to, and no English common law cases are referred to. Again, it is a noteworthy fact that none of the decisions cited by the court, nor any others that I can find, discuss the admissibility of this character of record testimony and its effect as evidence in connection with the constitutional provision which requires an accused person to be confronted by the witnesses against him. And I might content myself without going further, and state that none of these cases are authority in the construction of a rule of evidence in connection with the Constitution which was not invoked, and which those courts did not assume to construe. I might go further, under the Cline case, 36 Texas Criminal Reports, 320 (and it is the law of this State until overruled, which has not been done, unless by the decision in this case), and hold that, even if it be conceded that the English common law cases construed the clause of the Constitution in question, it would not be authority here; for, as said by Judge Davidson in that case: "Be it remembered that the interpretation of constitutions is peculiarly a phase of American jurisprudence, which originated with us. It had no existence elsewhere. It is not subject to the law as it existed before; neither, indeed, can be. We get but little light elsewhere, and this is derived from the rule by which written contracts are construed. The common law can not

furnish us the rule, for it did not deal with an American Constitution. Such an instrument was never within the purview of or contemplated by its rules, was a stranger to its growth, development, economy, and its philosophy."

If the introduction of the record conviction of the principal in the trial of an accessory has any origin or sound basis, it must be found in the English common law cases referred to in text books. These are Rex v. Smith, 1 Leach, 288; Rex v. Prosser, Id., 290; Rex v. Turner, 1 Moody, Crim. Cas., 347; Rex v. Ratcliffe, 1 Lewin, Crim. Cas., 121; Keable v. Payne, 8 Adol. & E., 560, 35 E. C. L., 454. These cases have been so thoroughly discussed and criticised in the recent case of Kirby v. United States, 174 United States, 47, 19 Supreme Court, 574, 43 Lawyers' Edition, 890, that I need only refer to that case for a dissection of said authorities. As is stated in said opinion, quoting from Mr. Phillips: "A record of conviction of a principal in felony has been admitted in some cases, not of modern date, as evidence against the accessory [citing Rex v. Smith, 1 Leach, 288; Rex v. Baldwin, 3 Camp, 265]. This has been supported on the ground of convenience, because the witnesses against the principal might be dead, or not to be found; and on the presumption that the proceedings must be taken to be regular, and the guilt of the convicted party to be established. But this is not strictly in accordance with the principle respecting the admissibility of verdicts as evidence against third persons. From the report of the recent case of Rex v. Turner it seems that a record of conviction of a principal in the crime of stealing who pleads guilty would not now be received as evidence of the guilt of the principal against the receivers of the stolen property, or the accessory after the fact; and it is said to be doubtful whether a record of the conviction of the principal on his plea of not guilty would be admissible against the accessory. As proof of the fact of conviction, the record would be admissible and conclusive, but it seems not to be admissible evidence of the guilt of the convict, as against another person charged with being connected with him in crime, the record being in this respect res inter alios acta. It is evidence that a certain person, named in the record, was convicted by the jury, but not evidence as against a third person, supposed to have been engaged with him in a particular transaction as to the ground on which the conviction proceeded, namely, that the convict committed the criminal act described in the record: 2 Phil. Ev., 3 ed. pp. 22, 23. Taylor, in his treatise on Evidence, after stating that a prisoner is not liable to be affected by the confessions of his accomplices, says (section 904): 'So strictly has this rule been enforced that, where a person was indicted for receiving stolen goods, a confession by the principal that he was guilty of the theft was held by all the judges to be no evidence of that fact as against the receiver (Rex v. Turner), and the decision, it seems, would be the same if both parties were indicted together, and the principal were to plead guilty.'" In summing up the court say: "The principle to be deduced from these authorities is in harmony with the view that one

accused of having received stolen goods with intent to convert them to his own use, knowing at the time that they were stolen, is not, within the meaning of the Constitution, confronted with the witnesses against him, when the fact that the goods were stolen is established simply by the record of another criminal case, with which the accused had no connection, and in which he was not entitled to be represented by counsel. * * * The record of the proof of a vital fact in one prosecution could not be taken as proof in the other of the existence of the same fact." I would further quote from the note in Starkie on Evidence, page 367, which is to this effect: "In Rex v. Turner, 1 Moody, Criminal Cases, 347; Rex v. Ratcliffe, 1 Lewin, Criminal Cases, 121,—it is stated that many of the judges (all of the judges except two being assembled) were of opinion that the record of the conviction of the principal would not be evidence of the fact, where the indictment against the accessory alleged not the conviction, but the guilt, of the principal; and on principle it would seem to be evidence only when the indictment alleges the conviction of the principal, and simply to support that conviction." I do not believe an examination of the older English cases cited in the text books satisfactorily establishes that on the trial of an accessory the record of the conviction of the principal is even prima facie evidence of his guilt as against the accessory. But, concede that they do, and that the text writers are justified in citing them as authority for the proposition, still, as shown in Kirby's case, supra, such is not the modern English doctrine, and I would feel reluctant in a matter of this character in appealing to old English cases, which are questioned or overruled by modern decisions, in order to overturn a provision of our Constitution about which they were not concerned. But it is said in the opinion that the Kirby case does not apply to the introduction of the judgment against Isaacs in this case, and the reason given is that the record is certainly admissible in this State, in order to comply with our statute, and prove the conviction of Isaacs, and to furnish the measure of the punishment for the accessory. No one has claimed that the record of the conviction of Isaacs was not admissible for this purpose. It may be conceded it was admissible for this purpose, and also for the purpose of tending to show knowledge on the part of appellant of the guilt of his principal, but this would not supersede the proof of Isaacs' guilt as an original proposition. These are not the questions we are here discussing, nor were they involved in the Kirby case. The question involved there, as here, was the admissibility of the record as proof of the guilt of the principal in the trial of the accessory, and this in connection with the constitutional provision requiring an accused person to be confronted with the witnesses against him. There the admissibility was sought under an act of Congress making the record conviction of the principal conclusive evidence against the receiver. Here not an act of our Legislature is invoked, but a rule of evidence coming from England, adopted in some of the States, and for the first time endeav-

ored to be ingrafted on our jurisprudence as an exception to said pro-
vision of our Constitution. In Kirby's case the Supreme Court of the
United States held the record of the conviction of the original thief was
not only not conclusive evidence, but that it was not admissible at all
against the accessory. However, it is intimated in the opinion that the
cases are not analogous, because at common law a receiver of stolen prop-
erty was not an accessory. I admit that technically he was not an acces-
sory, and he was not made so until Statute 3 William and Mary, chapter
9, section 4, A. D. 1691; and in the colonies after this time, where the
common law was in vogue, receivers of stolen property stood in the rela-
tion of accessories to the original thief. 1 Bish. Crim. Law, sec. 700.
However, as to the question here involved,—that is, the admissibility of
the record of the conviction of the principal as against the accessory,—
the principle has always been the same, a receiver of stolen property being
treated as an accessory (Russell Crimes, 571, 2 Roscoe, Criminal Evi-
dence, pp. 910, 911; Rex v. Turner, 1 Moody, Criminal Cases, 347; Com-
monwealth v. Elisha, 3 Gray, 460; Anderson v. State, 63 Georgia, 675;
West v. State, 27 Texas Criminal Appeals, 472), so that I do not think it
can be seriously doubted that, whatever may have been the rule elsewhere
upon the admissibility and effect of this character of evidence, this exact
question (involving the constitutionality of this character of testimony)
was for the first time before the courts of this country in Kirby's case,
supra, and on principle and authority the testimony was excluded.

In the majority opinion it is stated that the Cline case, 36 Texas
Criminal Reports, 320, relied on by appellant, is not at all in point on the
question here involved. In that case the writer dissented, holding with
the authorities, both English and American, including those of our own
State, when a person accused of crime has been once tried, and con-
fronted with the witnesses against him, and afforded an opportunity for
cross-examination, if a witness afterwards dies, his evidence taken on
the former trial can be reproduced on a subsequent trial against him;
the rule being based on the idea that, the accused having been once con-
fronted with the witnesses against him, this was a compliance with the
constitutional provision. But a majority of the court in that case held
that the language used in our Bill of Rights, to wit, "In all criminal
prosecutions the accused shall be confronted with the witnesses against
him," was plain and unambiguous; that it said what it meant, and meant
what it said. In accordance therewith, it was held that, although a
witness may have once testified in the same case against an accused, and
been subject to cross-examination, and the witness has since died, his
testimony can not be reproduced against a defendant in a subsequent
trial. While here it is held that a judgment (which is but the result of
the testimony of one or many living or dead witnesses) rendered in an-
other case, to which the defendant was not a party, can be reproduced
against him as evidence of his guilt. If it be a correct rule in mathe-
matics that things that are equal to the same thing are equal to each other,
then by the same measure,—aye, by a stronger reason,—if it is a correct

rule of law that, because the Constitution requires a defendant to be confronted with the witnesses against him, the record testimony of a dead witness taken in the same case can not be used against him on a subsequent trial, and a judgment (which is but the record testimony of one or many witnesses, living or dead) rendered between other parties ought not to be introduced against defendant as evidence of his guilt on the simple proposition that this is a violation of the constitutional provision which requires a confrontation of defendant with the witnesses against him. I do not deem it necessary in this connection to refer to judgments as evidence in civil cases. The constitutional provision does not apply to them. But, even in such cases, the rule is of universal application that a judgment between other parties has no binding effect, and is not evidence except between the parties to the record. Freem. on Judg., sec. 154; Bertrand v. Bingham's Admx., 13 Texas, 268; McCoy's Heirs v. Crawford, 9 Texas, 356.

This is a case, so far as I have been able to discover, of first impression in this State, as neither in Broxton's case, 9 Texas Criminal Appeals, 91, Arnold's case, 9 Texas Criminal Appeals, 438, nor Poston's case, 12 Texas Criminal Appeals, 409, cited in the opinion, was the question presented. In Broxton's case, appellant was prosecuted for conveying instruments into jail with the intent to facilitate the escape of a prisoner detained therein on an accusation of felony under our statute making it an offense. Of course, in that case the record of conviction or the accusation was admissible, and was conclusive of that fact. In Arnold's case the question was whether or not on the trial of an accomplice it was competent to prove by parol, motives, threats, and confessions of the principal. The court held that such testimony was proper. Of course, what the court said— "that, the principals not having been tried and convicted, so that the record of their conviction could be introduced to establish their guilt"—was the purest dicta, as that question was not before the court. In Poston's case the inquiry was as to the charge of the court. We quote from that opinion as follows: "The first proposition was the guilt of Lewis. The second was that the defendant, having knowledge of Lewis' guilt, concealed and aided him in preventing or avoiding an arrest. That Lewis was guilty of an assault to murder was a fact to be proved by the State. The guilt of Lewis, therefore, must be established to the same degree of certainty as if he were on trial; the guilt of the accessory depending upon that of the principal. Hence the court must charge the law as fully in regard to the offense charged against Lewis as if he had been on trial. * * * Was the charge in this case relating to the offense alleged against Lewis such as the law requires? We are of the opinion that it was not. If the jury had entertained a reasonable doubt of the guilt of Lewis, they should have acquitted Poston. It was, therefore, a part of the law applicable to the case, and the court should have instructed the jury that, if they had such doubt, they should acquit the defendant Poston. * * * The guilt of Poston depending upon that of Lewis, a doubt of Lewis' guilt would be a doubt of the guilt of Poston;

for, if there be a doubt of the existence of a fact upon which another fact depends, the existence of the latter must be doubted." In West's case, 27 Texas Criminal Appeals, 472, the only question before the court was as to the admissibility of the record of the conviction of the principal, the alleged thief, as against the accessory, who was the receiver, in order to prove the conviction of the former. Of course, it was held admissible for this purpose. If this be a new question in this State,—and I hold it is,—then we are asked for the first time to authorize on a trial of an accessory the introduction of the record of the conviction of his principal as proof against the accessory, not of the conviction merely, but of the guilt of his principal. And I submit to do so would be to destroy and hold for naught that provision of our Constitution which requires in every criminal trial the accused to be confronted with the witnesses against him. I have endeavored to show that this was not supported by the English authorities, especially those of modern date, and that the text books and American authorities announcing such a rule are not supported by the English cases. More than this, if the principle adopted by a majority of the court finds support in any of the cases, none of them undertake to uphold the record as evidence in connection with our constitutional provision; and none of them consequently could be held persuasive, much less binding, upon us, as they do not assume to construe the constitutional provision. The views herein expressed are in accord with the opinion of the Supreme Court of the United States in Kirby's case, supra, and I can furnish no stronger or more forceful language to uphold them than that used by the able judge who wrote the opinion in the Cline case, supra, and to that I beg to refer.

A few words with reference to the charge of the court "that the record of Isaacs' conviction was conclusive evidence of his guilt as against appellant." My brethren do not believe that this charge should have been given, but they maintain it was without prejudice, because there was no rebutting testimony on the part of appellant, and the prima facie case became to all intents and purposes an absolute case against him upon the proposition of Isaacs' guilt. To my mind there is a difference between a case which will support a verdict and one which requires a verdict. A prima facie case may be submitted to the jury fairly, and on the verdict of guilty the same may be sustained. But if the court shall assume that a prima facie case is absolute and conclusive, and so tell the jury, he at once usurps the functions of that jury. If, in this case, some witness had appeared, and testified that he was present at the homicide of McGee, and saw Isaacs, without any just cause or excuse or mitigation, and without the knowledge of McGee, shoot him in the back, and inflict a wound from which he died, and further knew that Isaacs bore a grudge against McGee, and had threatened to kill him a few days before on the first opportunity, and this witness appeared to be a credible person, and there was no testimony controverting his evidence, there would unquestionably be a prima facie case, which would undoubtedly support a verdict for murder in the first degree. But if the court

in such case should instruct the jury that the case against Isaacs was fully proven, and that the testimony of the witness was conclusive as to that issue, what court would sustain a verdict on such a charge? And yet that would be a stronger case than this, which was a mere record made up in the absence of appellant,—a judgment res inter alios acta. We have seen, from an authority heretofore cited, that the failure, when requested, to instruct the jury on reasonable doubt as to the principal, would be fatal to a conviction, and would not be cured by a subsequent instruction applying the reasonable doubt to the whole case. See Leeper v. State, 29 Texas Crim. App., 154. Certainly, the case would be worse where the court, as was done here, swept away the reasonable doubt as to that issue, and told the jury that the record was conclusive evidence of Isaacs' guilt. The Floeck case, 34 Texas Criminal Reports, 323, to which I am referred, does not militate against this view. After reviewing the authorities, we said: "The jury was properly instructed as to the character of prima facie evidence, but were left by the charge free to weigh the prima facie evidence together with all the other testimony in connection with the reasonable doubt and presumption of innocence, which a defendant is entitled to in every criminal case, and to render their verdict accordingly." In Hampton's case, 1 Texas Criminal Appeals, 659, the judge rendering that opinion quotes approvingly from Mr. Bishop, citing Judge Rive of the Supreme Court of Alabama, as follows: "In a criminal case the establishment of a prima facie case does not, as in a civil case, take away from the defendant the presumption of innocence, or change the burden of proof. The sole reason for the distinction is the well know difference in the measure of proof in the two classes of cases. In a civil case the plaintiff is not required to prove beyond a reasonable doubt the facts on which he relies for the recovery, and therefore when he establishes a prima facie case the burden of proof is thereby shifted, unless it is destroyed by proof from the other party. But in a criminal case the State is required to prove beyond all reasonable doubt the facts which constitute the offense. The establishment, therefore, of a prima facie case merely, does not take away the presumption of innocence from the defendant, but leaves the presumption to operate with or in aid of any proofs offered by him to rebut or impair the prima facie case thus made out by the State." So that, it occurs to me, even if it be conceded that the record of Isaacs' conviction was admissible as against defendant as tending to establish the guilt of his principal, yet the court committed a material error in instructing the jury that such record was conclusive evidence of the guilt of Isaacs. I do not feel at liberty to speculate as to the amount of prejudice that such an instruction operated against appellant; but that it absolutely deprived him of the presumption of innocence and reasonable doubt there can be no question.

What has been said is in response to the opinion of Judge Brooks filed at the close of the last Austin term, which I understood embodied the views of a majority of the court. However, on the presentation of my dissent, which occurred in October of the Tyler term, Judge Davidson

deemed it necessary to express his views on the questions involved, and I now propose to notice briefly what he has said. The original opinion treats the record of the conviction of Isaacs as prima facie evidence of his guilt as against Dent, while the supplement considers such record conclusive evidence of the guilt of Isaacs as against the accessory. I might content myself by invoking the first opinion as a complete answer to the last; more especially as the former claims to be supported by an unbroken line of authorities, thus leaving the latter as the pioneer and discoverer of a new principle in all the history of our jurisprudence. The doctrine announced by my Brother Davidson is not only unique, but the reasons cited for its support are equally novel. For instance, he finds our statutory definition of an accessory different from that at common law; consequently he insists that in England there could not be an accessory to one after his conviction. Now, if it were true that the definitions were essentially different, then we might deem the reason furnished at least plausible; but when we lay our statutory definition of an accessory down alongside the definition of an accessory at common law, and find them as much alike as two black-eyed peas, then the reason for the construction of our statute as relied on in the opinion vanishes into thin air. Here is the deadly parallel:

"An accessory is one who, knowing that an offense has been committed, conceals the offender or gives him any other aid, in order that he may evade an arrest or trial, or the execution of his sentence." Article 86, Penal Code.

"An accessory after the fact is one who, knowing a felony to have been committed, harbors the felon or renders him any other assistance to elude punishment." 1 Bish. Crim. Law, sec. 692.

"An accessory is a person who knowing a felony to have been committed, receives, relieves, comforts or assists the felon." 4 Bl. Comm., 37, citing 1 Hale, P. C., 618.

A bare inspection of the above definitions must be convincive that, while our statutory definition is more explicit as to the time (stating various stages at which the aid of the accessory must be rendered the principal in order to constitute him an accessory), yet the common law definition is more flexible, but certainly as comprehensive; and both allow an accessory to a principal from the time the principal commits his offense to and including the period of his conviction.

The opinion is also at fault in stating that no common law authority can be found to cover an accessory after the fact to a principal after his conviction. In Burridge's case, 3 P. Williams, 439, it was held that one could be an accessory to another after his conviction, and who was awaiting transportation to the colonies. If Judge Davidson had stated that no English or American case could be found in which it had been held that one undergoing his sentence in the penitentiary was the subject of accessorial aid, I think he would have been eminently correct; for it occurs to me that the law of principal and accessory was never intended and does not make an accessory of one who aids another to escape from the penitentiary. The language of our statute is more explicit than

the common law in this regard, for it says an accessory is one who aids his principal to evade the execution of his sentence. Strictly speaking, the sentence of a felon is executed when he is lodged within the penitentiary and is undergoing his punishment, and the writ should be returned. In the absence of a prison breach statute, the law is done with him. However that may be, recurring to the proposition in the opinion which announces the new doctrine that our statute on accessories creates distinct offenses, and while it might be good law to require the State to prove from original sources the guilt of a principal to an accessory charged with aiding him to evade an arrest or trial, yet this could not be true as to one who aided a principal to evade the execution of his sentence, and this because the aid extended in the latter case was all rendered after conviction; and in such case the record of the conviction of the principal would be not only the best, but the only, evidence of the guilt of the principal as against the accessory. As to this proposition, in addition to what has been said, I would further observe that, whether the aid is extended before or after the trial, the principal must be tried first under our statute, and the record of his conviction would be equally accessible, and no reason can be urged why it would not be admissible in the one case as well as in the other. Moreover, it occurs to me that in the interpretation sought to be placed on our statute, the opinion is oblivious of the fact that the word "knowingly" permeates every part of it. Whether the accessory aids the principal to escape an arrest or trial or the execution of his sentence, he must know not the conviction merely, but the guilt, of his principal. The great judges who builded the law on this subject were aware that there was a difference between the terms "guilt" and "conviction," and that sometimes innocent men were convicted; and they would never have said, even at common law, that the record of the conviction of the principal on the trial of the accessory was conclusive evidence of the guilt of such principal. Much less should it be said in a Texas court, where our Constitution provides that in every criminal trial the accused must be confronted with the witnesses against him.

In this connection it is urged in the opinion as an additional reason why the record should be held conclusive evidence against the accessory as to his principal's guilt that a "judgment of a court of competent jurisdiction can not be contradicted, varied, or falsified by parol evidence." But let it not be forgotten that always, where this effect is given to a judgment, it is between parties or privies; and such a rule of evidence can never be ingrafted on the criminal law in a case where a defendant was not a party to the record in which the judgment was rendered. And, even if the record of such conviction be admissible as prima facie evidence of the guilt of the principal as against the accessory, to hold that it could not be contradicted is the announcement of a doctrine so revolutionary, and fraught with so much danger, that I can never yield my assent thereto.

I have discussed these questions at length because I deem them im-

portant, and because, if I am correct in the views taken, the Constitution has been violated, in that defendant has been denied not only one, but two, of the fundamental rights guaranteed him by that instrument,— the right to be confronted with the witnesses against him, and the right of trial by jury. Unquestionably, this record shows him to be a very bad man, but the worst criminal in the land is entitled to every safeguard provided by our Constitution and our laws. I do not believe he has been accorded this; on the contrary, that he has been the occasion of the establishment of a bad precedent that will come to trouble us on some future occasion.

